Warner *et al. v.* Curran.

No. 7862.

WARNER ET AL. *v.* CURRAN.

TAXES.—*Exemption from.—Constitutional Law.—Answer.—Demurrer.— Evidence.*—The eighth clause of section 7 of the act of December 21st, 1872, 1 R. S. 1876, p. 73, exempting an amount of property from taxation in certain cases, is unconstitutional and void, and no error is committed in sustaining a demurrer to an answer setting up such exemption, or in excluding evidence offered in support thereof.

PRACTICE.—*New Trial.—Excessive Damages.—Assessment of Recovery.— Supreme Court.*—To present for the decision of the Supreme Court any question in relation to excessive damages, or supposed error in the assessment of the amount of recovery in the trial court, such matters must be assigned as reasons for a new trial in the motion therefor.

From the Huntington Circuit Court.

*B. W. Cobb* and *T. J. Smith*, for appellants.
*M. B. Williams*, for appellee.

HOWK, C. J.—The appellee sued the appellants in a complaint of three paragraphs, but to the first and second para-

graphs the appellants' demurrers, for the want of facts, were sustained by the court, and the case comes before this court, so far as the complaint is concerned, solely on the third paragraph.   In this latter paragraph the appellee alleged, in substance, that, on the 3d day of February, 1868, at a tax sale of lands and lots, for taxes delinquent thereon for the years 1866 and 1867, then held by the auditor of Huntington county, he, the appellee, purchased lots numbered 62 and 68, in the original plat of the town, now city, of Huntington, and then and there paid the said auditor certain specified sums of money for the said lots respectively; that, thereafter, on other specified dates, the appellee paid the county treasurer of said county certain other specified sums as the taxes on each of the said lots, for the succeeding years from 1868 to 1876, inclusive; that all the said sums so paid by appellee were taxes duly levied and assessed on said lots; that no part of the said payments by appellee had been returned to him by the appellants, but the whole remained due and unpaid, together with penalties and interest; and that the said sale for taxes was informal, and the conveyance by the auditor was invalid and insufficient to convey title.   Wherefore the appellee prayed judgment for $2,000, and that the same might be declared a lien on said lots, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee in the sum of $604.98; and over the appellants' motion for a new trial, and their exception saved, the court rendered judgment on its finding, declaring the sum found due to be a lien on said lots, and ordered the same to be sold to satisfy the judgment, with interest and costs.

The first error complained of by the appellants, in this court, is the decision of the circuit court in overruling their demurrer to the third paragraph of the complaint, for the alleged insufficiency of the facts therein to constitute a cause

of action. In our statement of this case, we have given a summary of the facts alleged by appellee in the third paragraph of his complaint, and it is apparent therefrom that the appellee intended to state a cause of action therein, under the provisions of section 256 of "An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon," approved December 21st, 1872, 1 R. S. 1876, p. 129. The record shows that the appellants demurred, for the want of facts, to the third paragraph of the complaint, but it fails to show that the court made any ruling on this demurrer, or that any exception was saved to any such ruling. The first supposed error, therefore, is not shown by the record, and the question of the alleged insufficiency of the third paragraph of complaint is not presented for the decision of this court.

The second error assigned by the appellants is the decision of the circuit court, in sustaining a demurrer to the second paragraph of their answer. This paragraph of answer was filed by and in the names of the appellants Sarah, Cornelia E. and Minnie J. Warren, who were infants, under the age of twenty-one years, by their guardian *ad litem;* and it was alleged therein that the said infants were the owners of one-half of the real estate described in appellee's complaint, as the descendants of Luzern Warner, who died January 20th, 1870, seized of said lots in fee ; that, up to the time of his death, the said Luzern Warner had an abundance of personal property out of which the taxes thereon and on said lots could have been made, for the years the lots were sold and purchased by appellee, and which purchase forms the basis of his claim ; that said Sarah, Cornelia E. and Minnie J. Warner were unmarried females, under the age of twenty-one years, and did not own property exceeding in value the sum of $500 each ; wherefore the said infant appellants averred, that the said taxes so paid by appellee, on their portion of said lots, could and would have been re-

bated against their said property, and were paid by appellee unnecessarily and without right; wherefore the infant appellants said, that the appellee ought not to recover in this suit, and they demanded judgment for their costs, and that their title to the one-half of said lots might be forever quieted.

It will be readily seen, we think, from the facts alleged in this second paragraph of answer, that it was founded upon the *eighth* clause of section 7 of the above entitled act, wherein it was provided, in substance, as follows:

"Sec. 7. The following property shall be exempt from taxation: * * *

"*Eighth.* The property to the amount of five hundred dollars, of a widow or unmarried female, or of any female minor whose father is deceased, if her whole estate real and personal, not otherwise exempted from taxation, does not exceed in value the sum of one thousand dollars." 1 R. S. 1876, pp. 73, 74.

If these statutory provisions could be held to be valid and constitutional, it could not be doubted that the facts alleged by the infant appellants, in, the second paragraph of their answer, were sufficient to show that their interests in the lots in controversy were exempt from taxation. But in the recent case of *The State, ex rel.,* v. *The City of Indianapolis,* 69 Ind. 375, it was held by this court, and, we think, correctly so, that this eighth clause of section 7 of the assessment law of December 21st, 1872, was unconstitutional and void. It follows, therefore, that the court committed no error in sustaining appellee's demurrer to the second paragraph of the appellants' answer.

Under the alleged error of the trial court, in overruling the appellants' motion for a new trial, it is claimed by their counsel that the court erred in excluding the evidence offered by them to prove that the infant appellants were unmarried females, under the age of twenty-one years, whose

father was dead, and that the whole estate of each of them, real and personal, did not exceed in value the sum of $500. These facts were wholly immaterial, and in excluding the evidence offered to establish them, we think the court committed no error.

The only other causes for a new trial, assigned by the appellants in their motion therefor, were, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. The appellants' counsel very earnestly insist, in argument, that the damages assessed by the court were excessive, and that the court erred in its assessment of the amount of appellee's recovery. These, however, were statutory causes for a new trial, and should have been assigned as such in their motion therefor, addressed to the circuit court. The appellants did not assign these causes for a new trial in their motion therefor, and, therefore, no question is presented for the decision of this court, in relation to excessive damages, or to the supposed error of the trial court in the assessment of the amount of recovery. *Leary* v. *Ebert*, 72 Ind. 418. It is settled by the decisions of this court, that the causes for a new trial, assigned by appellants in their motion therefor, will present no question in relation to excessive damages or the amount of recovery, for the decision either of the circuit court or of this court. *Spurrier* v. *Briggs*, 17 Ind. 529 ; *Floyd* v. *Maddux*, 68 Ind. 124 ; *Hyatt* v. *Mattingly*, 68 Ind. 271.

The evidence in the record tended strongly, we think, to sustain the finding of the court, on every material point, and we know of no ground on which it can be said that the finding was contrary to law. No error was committed by the court, in our opinion, in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.