Buchart v. Ell.

Filed Feb. 22, 1894.

---

## No. 1,089.

## BUCHART v. ELL.

ASSIGNMENT OF ERRORS.—*Conjunctive Assignment.—Appellate Court Practice.*—Where errors as to the giving of instructions are assigned conjunctively, the assignment must be good as to all, or fail entirely.

INSTRUCTIONS TO JURY.—*Must be Signed by the Party Asking the Same or His Attorney.*—A refusal to give instructions at the request of a party is not error where the instructions asked and refused are not signed by the party asking the same, or his attorney.

VERDICT.—*Appellate Court Practice.—Evidence.*—The appellate tribunal will not disturb a verdict where the evidence is conflicting, and there is evidence sufficient to sustain it.

From the Warrick Circuit Court.

*W. E. Cox, S. B. Hatfield* and *J. A. Hemenway,* for appellant.

*R. M. Milburn* and *M. A. Sweeney,* for appellee.

Davis, C. J.—This was an action instituted by appellee against appellant, to recover damages for malicious prosecution. Appellee recovered judgment for seven hundred dollars.

The only error assigned which presents any question for our consideration, is that the court erred in overruling appellant's motion for a new trial.

The only reasons contained in the motion for a new trial, which are discussed by counsel for appellant, are:

3. "The verdict of the jury is contrary to law.

6. "The court erred in giving instructions on its own motion, numbered one, two, and five.

7. "The court erred in refusing to give instruction numbered three, asked by defendant.

8. "The court erred in refusing to give. instruction numbered four, asked by the defendant."

Counsel for appellee contend that the bill of exceptions containing the evidence and instructions is not in the record.

Waiving this question, we find the exception reserved to the instruction given, in the following language:

"To the giving of instructions No. 1, 2 and 5 the defendant at the time excepted."

The sixth reason in the motion for a new trial, based on the giving of these instructions and the exception thereto, can only be maintained by showing that all of said instructions are erroneous. *American Fire Ins. Co.* v. *Sisk,* 9 Ind. App. 305; *Kackley* v. *Evansville, etc., R. R. Co.,* 7 Ind. App. 169, 34 N. E. Rep. 532.

It is not even suggested that the fifth instruction does

not correctly state the law applicable to the case, and, therefore, there is no available error on account of the instructions given.

The record recites that appellant requested the court to give to the jury two instructions which are set out in the bill of exceptions, and to the refusal to give each of which appellant at the time excepted. The instructions asked by appellant were not signed by him or his counsel. "Instructions not signed by the party asking them, or by his attorney, as required by the statute, may be refused without error." *Board, etc., v. Legg, Admr.,* 110 Ind. 479 (486); section 542, 4th subd., R. S. 1894.

It is not, in any manner, shown that the instructions refused were not covered by other instructions given. *Puett v. Beard,* 86 Ind. 104.

In the condition of the record, no error is shown on account of refusing to give the instructions asked.

In support of the third reason assigned, the contention is that the evidence shows there was probable cause for the institution of the prosecution by appellant. In other words the argument is, that the verdict is not sustained by the evidence. It is not necessary, in this case, to consider whether such question is presented by the reason assigned, as it will suffice to say that we can not, in any event, disturb the verdict on the evidence. The evidence is, in some respects, conflicting, but there is ample evidence in the record to sustain the verdict. *Christy v. Holmes,* 57 Ind. 314; *Fort Wayne, etc., R. R. Co. v. Husselman,* 65 Ind. 73; *Hammond & Co., v. Schweitzer,* 112 Ind. 249; *Continental Life Ins. Co. v. Young,* 113 Ind. 159; *Isler v. Bland,* 117 Ind. 457; *First Nat'l Bank v. Williams,* 4 Ind. App. 501, 31 N. E. Rep. 370; *Zimmerman v. Snyder,* 6 Ind. App. 178, 33 N. E. Rep. 218; *Mason v. Douglas,* 6 Ind. App. 558, 33 N. E. Rep. 1010.

No error has been pointed out which, under the well

settled and long recognized rules which govern. our practice, would justify this court in reversing the judgment of the court below.

Judgment affirmed.

Filed Mar. 8, 1894.