No: 1,194.

## MOORE *v.* ORR ET AL.

ATTORNEY AND CLIENT.—*Attorney Rendering Services at Request of Attorney Employed.*—*Liability of Client.*—Where an attorney renders services at the request of the attorney employed by a litigant, and the client silently acquiesces therein, he is entitled to recover from the client for such services.

ASSIGNMENT OF ERRORS.—*Conjunctive Assignment.*—*Instructions to Jury.* —An assignment that the court erred in giving several instructions, naming them conjunctively, can avail nothing unless all the instructions so assigned are erroneous.

From the Howard Circuit Court.

*F. F. Moore,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

Ross, J.—The appellant, who is an attorney at law, brought this action to recover for professional services rendered in proceedings to establish a ditch. Upon a trial by jury, there was a verdict for the appellees, and, after overruling appellant's motion for a new trial, judgment was rendered on the verdict.

The appellant insists that the court below erred in overruling his motion for a new trial. The reasons assigned, and for which a new trial was asked, were as follows:

First. That the verdict of the jury is contrary to law.

Second. That the verdict of the jury is contrary to the evidence.

Third. That the verdict of the jury is not sustained by sufficient evidence.

Fourth. That the court erred in giving instructions numbered one, two, three, four, five and six asked by defendants (appellees).

Fifth. That the court erred in refusing to give instruction number nine asked by plaintiff (appellant).

The facts, as apparently conceded by the parties, are that in the fall of 1888 the boards of commissioners of Tipton and Clinton counties established and ordered the construction of a joint ditch, extending from one county into the other. Certain of the parties affected by the order appealed therefrom to the Clinton Circuit Court. The appellees, being among the petitioners, employed the firm of Waugh & Kemp, of Tipton, to resist the appeal and prosecute the proceedings. Mr. Kemp, of said firm of Waugh & Kemp, retained appellant to assist them therein. That the appellant rendered services is not denied; neither is it contended by appellant that he was ever employed by the appellees, the contention being that if he rendered services at the request of Waugh & Kemp, who were employed by appellees, he is entitled to recover from appellees for the services so rendered.

When a litigant accepts the services of an attorney, he impliedly undertakes to compensate him therefor. So when an attorney renders services at the request of the attorney employed by the litigant, the client silently acquiescing therein, he is entitled to recover from the client for such services. *Brown* v. *Underhill*, 4 Ind. App. 77, and cases cited; *Hogate* v. *Edwards*, 65 Ind. 372.

As heretofore stated, it is not contended, neither is it shown by the evidence, that the appellant was ever employed by the appellees, the only question being whether or not they accepted his services under such circumstances as the law would declare created an implied obligation to pay therefor. There is no conflict in the evidence that the appellees had no knowledge of the appellant's employment or connection with the cases until after the trial of the cause, but there is a conflict as to

Moore *v*. Orr *et al.*

their afterwards having acquired knowledge that appellant was acting for them.   Where there is a conflict in the evidence, and the court or jury have passed upon it and determined upon which side there is a preponderance, this court will not disturb the finding or verdict. There was ample evidence to sustain the verdict.

Under the fourth cause for a new trial, in order that it avail appellant, it is necessary that all of said instructions, numbered one, two, three, four, five and six, be bad.   The cause is a joint one as to all of the instructions, and if any one of them is good, the entire cause fails.   That several of the instructions are good has not been questioned by counsel in their argument.   For this reason we can not examine and pass upon the correctness of any one of the instructions.

The ninth instruction asked by the appellant, which the court refused to give, is too broad, and while it states several general legal propositions as found in some of the adjudicated cases, they are not applicable to the facts in this case.   The court did not err in refusing to give this instruction.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed May 15, 1894.