Ross, J.
This action was brought by the appellee, Daniel M. Blue, against one Edward W. Morris, and the appellants, to recover personal property alleged to be unlawfully detained by them from him. Upon a trial there was a verdict for appellee, and judgment on the verdict.
The defendant Morris refused to join in this appeal. The appellants, in their assignment of errors, have assigned four reasons for which they ask for a reversal of the judgment and proceedings of the court below. The fourth one is the only one properly assigned, namely, the court erred in overruling appellants’ motion for a new trial.
Counsel for appellee insist that no questions are presented by the record under this assignment for the reason that the evidence is not properly in the record. We think the objection must prevail.
*289 Filed Nov. 27, 1894.
The record shows that oil the 2d day of February, 1894, the motion of the appellants for a new trial was overruled, and they were granted fifty days in which to prepare and file their bill of exceptions. An entry in the record made by the clerk, as also the file mark on the bill, shows that it was filed on the 9th day of April, 1894.
The certificate of the court at the end of the bill certifies that it was signed, sealed and made part of the record April 9, 1894. On the margin on the side of the bill is found this memorandum: “Submitted to me this 8th day of March, 1894, and taken under advisement. J. 0. Briggs, Judge.”
There is nothing in the bill itself or the certificate of the judge showing that it had been submitted prior to the 9th day of April, 1894. The statute, section 641, R. S. 1894, provides in express terms that “the date of the presentation shall be stated in the bill of exceptions.” White v. Gregory, by Next Friend, 126 Ind. 95, and cases cited.
And an indorsement upon the margin of the bill, signed by the judge, which states the time when it was presented, does not meet the requirements of the statute. Plotz v. Friend, 5 Ind. App. 146; Stoner v. Louisville, etc., R. W. Co., 6 Ind. App. 226; Franklin Water, Light and Power Co. v. Rouse, 7 Ind. App. 669; Buchart v. Burger, 115 Ind. 123; McCoy v. State, ex rel., 121 Ind. 160; Hormann v. Hartmetz, 128 Ind. 353.
No questions arise except such as require a consideration of the evidence, and it not being properly in the record, they can not be examined by this court.
Judgment affirmed.