The Globe Accident Insurance Company v. Helwig.

No. 1,635.

THE GLOBE ACCIDENT INSURANCE COMPANY v. HELWIG.

APPELLATE COURT PRACTICE.—*Sufficiency of Evidence.*—*Assignment of Error.*—*Excessive Damages.*—The evidence will be held on appeal to be sufficient to sustain a verdict for damages, if under it the successful party is entitled to anything, where there was no assignment in the motion for new trial that the damages were excessive or the amount of the recovery too large.

ACCIDENT INSURANCE.—*Insured Allowed Wages During Time of Disability.*—*Recovery on Policy.*—That the employer of an insured allows him his wages during the time he is incapacitated from work does not prevent his recovery under a policy of accident insurance indemnifying him against the loss of the money value of his time.

SAME.—*Evidence as to Suffering of Insured.*—*Damages.*—Evidence as to the suffering of the insured, and as to how much he slept during the injury, is admissible in an action upon a policy of accident insurance indemnifying him against the loss of the money value of his time, in so far as the discomfort may have interfered with his capacity to work, but not as an independent element of damages.

SAME.—*Defense.*—*Injured in More Hazardous Class Than That Insured in.*— *General Denial.* — Evidence that the insured in a policy of accident insurance was in a more hazardous class when he was injured than that in which he was insured is not admissible under a general denial.

ASSIGNMENT OF ERRORS.—*Joint Assignment of Several Instructions.*— A joint assignment of error in giving several specified instructions fails if any one of such instructions is correct in fact, or, by failure of counsel to discuss it, is deemed to be correct.

SAME.—*Error Not Discussed.*—*Waiver.*—An assignment of error that is not discussed will be deemed by the appellate court to have been waived.

From the Marion Superior Court.

*M. C. Hobbs, G. W. McDonald* and *R. Denny,* for appellant.

*J. E. McCullough* and *H. N. Spaan,* for appellee.

GAVIN, J.—Appeal from the judgment of the general term affirming the judgment of the special term.

The only errors properly assigned in the general term are:

1.   That the court erred in overruling appellant's motion for judgment on the jury's answers to interrogatories.

2.   That the court erred in overruling appellant's motion for a new trial.

The first error has not been discussed and must therefore· be deemed waived. *Kluse* v. *Sparks*, 10 Ind. App. 444; Elliott App. Proced., section 445.

One cause for a new trial questions the sufficiency of the evidence. There is no assignment in the motion that the damages are excessive or the amount of the recovery too large. If, under the evidence, appellee was entitled to anything, it must be regarded as sufficient to sustain the verdict. Elliott App. Proced., section 855.

The policy on which the action is founded insured appellee "against the loss of the money value of his time, not exceeding $25 per week, nor for more than thirty-two consecutive weeks; if, during the term of this insurance, he shall solely, through external, violent and accidental means, and from no other cause, be so bodily and physically injured as to be immediately totally and continuously disabled from doing anything in and about· his usual occupation."

It is earnestly insisted that under this policy appellee cannot recover unless he actually lost his wages or salary during the time he was disabled, and that a recovery is not permissible in this case because the appellee's employer donated to him his regular salary for that entire period.

If by reason of an injury insured against appellee actually lost the time from his business he was entitled to

recover the money value thereof up to $25 per week, even though his pay was continued during his disability. We can see no more reason in holding such payment to inure to appellant's benefit than there would be for refusing to one wrongfully injured by another, the right to recover the value of medical services and nursing because gratuitously rendered. *Evansville, etc., R. R. Co.* v. *Holcomb*, 9 Ind. App. 198.

Appellee was injured by having his foot crushed, about nine o'clock one morning. He was immediately taken home where he remained suffering until about 4 p. m., when he was driven back to his office and gave attention to some matters for perhaps an hour. During the next seven weeks he went each day to his office in a buggy, sat for an hour or so with his foot propped on a pillow, opening letters and discussing the bussiness with traveling men and others who came in. An extra man was employed, who with others performed most of appellee's previous duties, which were those of general manager and superintendent of a chair factory. For all of the seven weeks he was disabled from performing many of his duties, but during most of it able to perform some.

Counsel argue that to bring appellee's injury within the terms of the policy, it must have been such as to disable him from doing any and everything pertaining to his occupation. We are not, under the presentation of the case to us, called upon to determine whether or not this is the correct construction, or whether it would satisfy the terms of the policy, should there be anything relating to his business which he could not do, or whether the policy means that the insured must be substantially, although not literally disabled from doing any and everything pertaining to his business.

The subject is discussed at length in an article in 35 Central L. J. 150.

The authorities cited in *Supreme Lodge, etc.*, v. *Edwards*, 41 N. E. Rep. 350, decided at this term, may also be applicable to the construction of the policy.

Under the evidence, however, it is clear that appellee was for a short period at least, entirely unable to do anything whatever pertaining to his occupation in the strictest sense in which appellant claims the phrase is used.    For the time thus lost he was entitled to be paid by appellant its fair value not exceeding of course the rate fixed in the policy.

It cannot therefore be held that the evidence was not sufficient to sustain the verdict.

It is next urged that the court erred in giving, of its own motion, instructions No. 4 and 5.

The assignment in the motion for a new trial is that "the court erred in giving on its own motion instructions to the jury, Nos. 1, 2, 3, 4, 5."

This assignment is joint and can only be maintained by showing that all of the instructions therein referred to are erroneous.    In other words, the assignment under our practice must fail if any one of such instructions is correct.    The failure of counsel to discuss the first, second, and third instructions amounts to an admission that they are correct.    Therefore no question is presented for our consideration under this assignment.    *Kackley* v. *Evansville, etc., R. R. Co.*, 7 Ind. App. 169 ; *Buchart* v. *Ell*, 9 Ind. App. 353 ; *American Fire Ins. Co.* v. *Sisk*, 9 Ind. App. 305 ; *Eddingfield* v. *State, ex rel.*, 12 Ind. App. 312 ; *Town of Ladoga* v. *Linn*, 9 Ind. App. 15.

Another assignment in the motion for a new trial is that "the court erred in refusing to give the jury the instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, asked for by the defendant."

Under the authorities above stated, if any one of the

instructions does not contain a correct statement of the law applicable to the case, no question is presented by this assignment for our consideration. It is not claimed by counsel that the court erred in refusing to give all of the instructions asked by appellant, and therefore it is not necessary to further consider this assignment.

Counsel for appellant also insist that the court erred in permitting counsel of appellee to ask him as to his suffering and how he slept during the injury.

In view of the statement of the court to the jury that such evidence was not an element of damages and that it was only admissible in so far as the discomfort may have interfered with his capacity to do his work, there was no error in this ruling.

Counsel further contend that the court erred in refusing to compel appellee to produce the books of his company to show how the sum of $100.00 per week was paid him.

It does not appear that any notice of the motion was given to appellee or that he was present in person or by counsel when the motion was made, section 487, R. S. 1894.

Neither is it suggested how the production of the books would have benefited appellant. It was conceded by appellee that the company continued to pay his salary during the time of his injury.

Counsel content themselves with the statement that the ruling was erroneous without any argument or suggestion as to how or why appellant was or could have been benefited by the production of the books.

For the reason that no notice is shown to have been given, if for no other, there was no error in the court's ruling.

On the trial, counsel for appellant offered to show by a witness that the class in which appellee was injured

was more hazardous than the one in which he was in-sured.

No issue was tendered raising any such question, the only answer filed being the general denial.

Had there been any violation of the contract by ap-pellee, whereby his cause of action would have been de-feated, it should have been pleaded and an opportunity thus given him to reply thereto.

We find no error in the record.

Judgment affirmed.

Filed November 8, 1895.