Bush *et al. v.* Barkman.

Filed May 26, 1896.

No. 1,949.

## BUSH ET AL. *v.* BARKMAN.

NEW TRIAL.—*Finding After Term.—Statute Construed.*—Where a finding of the court is made, after the expiration of the term of court, in which such case was submitted, and such finding filed with the clerk during vacation, such finding will not become effect-ive until the next succeeding term of court, and a motion for a new trial filed at said succeeding term of court was in time, under section 561, R. S. 1881 (section 570, R. S. 1894).

APPELLATE PROCEDURE.—*Evidence.—Review of on Appeal.*—A find-ing by the court on conflicting evidence will not be disturbed on appeal.

From the Jackson Circuit Court.

*W. K. Marshall* and *Applewhite & Applewhite*, for appellants.

*W. T. Branaman* and *O. H. Montgomery*, for appel-lee.

Ross, J.—The appellee brought this action against the appellants, upon the following instrument of writ-ing, viz:

"On or before the first day of March, 1894, we promise to pay, to John H. Barkman, one thousand dollars, on the following conditions, to-wit: Whereas,

the said John H. Barkman has twenty shares of pre-paid stock in the German-American Building Association of Indianapolis, which he has given notice to draw out, and we guarantee him that the money, one thousand dollars, shall be paid him by the first day of March, 1894, by said association, in which case this obligation becomes void; but, in case the association fails to pay the said one thousand dollars, we agree to pay the same to him, and in that case the money from the association is payable to us.

"M. A. ST. JOHN,

"FRANK M. BUSH."

"SEYMOUR, Dec. 15. 1893."

Upon issues formed by answers filed by the appellants, of general denial and special answers, alleging that they were induced to sign the obligations sued on through false and fraudulent representations, and another of want of consideration, to which replies in general denial were filed, there was a trial, finding, and judgment for the appellee.

While the specifications of error have been assigned, based upon the ruling of the court below in overruling the separate demurrers of the appellants to the complaint, no argument has been adduced in support of these assignments, hence, they are deemed waived. *Elwood Planing Mill Co.* v. *Jackson*, 11 Ind. App. 181; *Globe Accident Ins. Co.* v. *Helwig*, 13 Ind. App. 539.

The record discloses that, at the May term, 1895, of the Jackson Circuit Court, this cause was tried by the court without the intervention of a jury, and after hearing the evidence and argument of counsel, the same was taken under advisement; that afterwards, "on the 3d day of June, 1895, the judge of the Jackson Circuit Court filed with the clerk of said court

his finding in said cause," said 3d day of June being in vacation; that on the second day of the next succeeding term of said court, to-wit: August 27, 1895, the appellants filed their motion and causes for a new trial, and thereupon the appellee filed a motion to strike out the motion for a new trial. The motion to strike out and the motion for a new trial were both overruled.

The appellee insists that the motion to strike out the motion for a new trial should have been sustained.

Section 561, R. S. 1881 (section 570, Burns' Rev. 1894), provides that a motion for a new trial must be made during the term at which the verdict or decision is rendered, except that when the verdict or decision is rendered on the last day of the session of the court, or the last day of the term, the motion shall be made on the first day of the next term of such court, whether general, special or adjourned. Section 563, R. S. 1881 (section 572, Burns' Rev. 1894), provides that a motion for a new trial may be made at any time within one year after the verdict or decision is rendered, for causes discovered subsequent to the time the verdict or decision was rendered.

The finding of the court, in this case, was not made at or during the April term of said court, but was filed with the clerk after the expiration of said term and during vacation. It became effective as a finding at the next succeeding term, which was the August term of said court. The motion for a new trial, therefore, was filed during the term at which the finding became effective as a finding. There was no error in overruling the motion to strike out the motion for a new trial.

It is also contended by the appellants, that the finding of the court is not sustained by sufficient evidence. We have read the evidence introduced on the trial with great care, and while it is very indefinite, and, to

a great extent, ambiguous, it is sufficiently definite and certain to sustain a finding that the obligation sued on was given in consideration of the transfer by the appellee to the appellants of twenty shares of stock, owned and held by him in the German-American Building Association of Indiana. As to whether this stock was sold and transferred conditionally to the appellants, or merely left in their possession for the convenience of the appellee, is a controverted question upon which the evidence seriously conflicts, but the trial court having believed the evidence tending to prove an absolute sale, we cannot disturb the finding.

The contention of the appellants, that the evidence fails to show that the stock transferred was of any value, is untenable. Under the issues, the burden rested upon the appellants to prove that the contract sued on was given without consideration, and the evidence most favorable to the appellee shows that he had paid to the association and its agents $1,096.00. But even if we consider only the evidence introduced by the appellants, it appears that the appellee had paid the association $96.00. That made the stock of some value, hence, there was not an entire failure of consideration.

This case does not come within the purview of any of the authorities cited by counsel. In those cases the obligors bound themselves to pay the debt of another, without any consideration passing from the obligee to the obligor, while in this case the appellee conveyed to the appellants his stock in The German-American Building Association of Indiana, in consideration that the appellants would pay the appellee the sum of $1,000.00. We are not called upon to inquire into the reasons for the execution of the obligation sued

on, but, so far as the evidence discloses, there was ample consideration for its execution.

The damages assessed are not excessive under the issues.

We find no reversible error in the record.

Judgment affirmed.

Filed May 26, 1896.