Town of Petersburg *v.* Petersburg Electric Light, Power and Water Works Company.

[No. 2,135.   Filed October 2, 1896.]

Pleading.— *Action Against a Town.—Complaint.—* A complaint against a town alleging that pursuant to a contract the plaintiff furnished such town with electric lights for which said town owed plaintiff a certain sum which was due and unpaid, is sufficient to

withstand a demurrer without alleging that the amount due under the contract had been allowed by the town board; that there was funds in the hands of the town treasurer with which to pay the claim; or, that said town could have paid said indebtedness at any time prior to the commencement of the action.

APPEAL.—*Joint Assignment of Error.*—A specification of error that "the court erred in sustaining the demurrer of the appellee to the third, fourth, fifth, sixth and eighth paragraphs of appellant's answer," is a joint assignment and must fail if any one of the paragraphs is bad.

SAME.—*Failure to Discuss Error.*—*Waiver.*—An assignment of error that is not discussed will be deemed to have been waived.

From the Pike Circuit Court. *Affirmed.*

*G. B. Ashby,* for appellant.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

Ross, J.—This was an action to recover a sum alleged to be due under the terms of a written contract for electric lights furnished appellant by the appellee.

The appellant insists that the court erred in overruling its demurrer to the complaint, for the reason that there is no allegation in the complaint either that the amounts due under the terms of the contract sued on had not been allowed by the board of trustees of such town; that there were funds in the hands of the town treasurer with which to pay the same; or that appellant could have paid said indebtedness at any time before this action was commenced.

It is alleged in the complaint that under the terms of the contract the appellee furnished the appellant with lights, for which the appellant owed appellee a certain sum which was due and unpaid. The demurrer admits the truth of these allegations. If appellant had paid appellee or there was any legal reason why it should not or could not pay appellee, it should have interposed the same by way of defense. The appellee

was not bound to anticipate and avoid any defense which appellant might have.

We think the allegations with reference to the making of the contract, the furnishing of the light, and that the amount agreed upon therefor is due and unpaid, are sufficient, and that the complaint is sufficient to withstand the demurrer thereto.

The second specification of error is that, "the court erred in sustaining the demurrer of the appellee to the third, fourth, fifth, sixth, and eighth paragraphs of appellant's answer." This specification of error is joint and presents for our consideration the correctness of the ruling of the trial court as to all of these paragraphs of answer jointly, and not as to the rulings upon each of them separately. If any one of the paragraphs was bad this specification must fail. *Moore* v. *Orr*, 10 Ind. App. 89; *Supreme Council, etc.*, v. *Boyle*, 10 Ind. App. 301; *Crist* v. *Jacoby*, 10 Ind. App. 688; *Houk* v. *Hicks*, 11 Ind. App. 190; *Eddingfield* v. *State, ex rel.*, 12 Ind. App. 312; *Saunders, Treas.*, v. *Montgomery*, 143 Ind. 185, and cases cited; *Globe Accident Ins. Co.* v. *Helwig*, 13 Ind. App. 539.

Counsel for appellant in argument of the questions urged for consideration on this appeal, does not insist that both the third and fourth paragraphs of appellant's answer states a good defense to the appellee's cause of action. He does very earnestly insist that either the fifth, sixth, or eighth paragraphs of the answer are sufficient, but without examining or considering into their sufficiency we are compelled to hold that inasmuch as the other paragraphs were bad, the second specification of error is not sustained. This court assumes that the rulings of the trial court were right, casting the burden upon the complaining party to show by the record that the rulings were erroneous and harmful. Counsel do not pre-

tend to show by argument, or to produce any authorities to sustain the fifth, sixth, and eighth paragraphs of the answer. The failure of counsel to discuss the sufficiency of the fifth, sixth, and eighth paragraphs of the answer amounts to an admission that they are insufficient. *The Globe Accident Ins. Co.* v. *Helwig*, *supra.*

Judgment affirmed.