LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* SPIDEL ET AL.

[No. 2,322. Filed January 6, 1898.]

HIGHWAYS.—*Remonstrance.—Failure of Remonstrance to State Any Specific Claim of Damages.—Waiver.—Evidence.*—Where in the location of a highway an owner of real estate over which the proposed highway passed, filed a remonstrance for damages, the refusal of the circuit court on appeal to admit evidence as to specific damages on the ground that the remonstrance contained no specific claim covering the damages inquired about was error where the petitioners made no objections to the remonstrance, nor in any way tested the sufficiency of same, either in the commissioners' court or in the circuit court.

From the Clinton Circuit Court. *Reversed.*

*John B. Cockrum, W. E. Hackedorn, Shirts & Kilbourne* and *Bayless, Guenther & Clark,* for appellant.

*Thomas J. Kane, Ralph K. Kane* and *Thomas E. Kane,* for appellees.

HENLEY, J.—Appellees filed a petition in the commissioners' court of Hamilton county, Indiana, asking for the location of a highway. Proper notice of the filing of the petition was given, and the board of com-

missioners took jurisdiction of the subject-matter of the petition, and appointed viewers, who reported that the opening and laying out of the highway as described in appellees' petition would be of public utility. Before the report of the viewers had been acted upon by the commissioners' court, appellant, being one of the owners of real estate over which the proposed highway passed, and was named in the petition of appellees as being so affected, filed its remonstrance for damages, claiming therein damages in the amount of $500.00, and asking that reviewers be appointed. Reviewers were appointed, who reported that appellant was damaged in the sum of $100.00. Appellant appealed to the circuit court of Hamilton county. Afterward the venue of the cause was changed to Tipton county, and finally to Clinton county, where the cause was tried by a jury, and a verdict returned against appellant; no damages being allowed appellant, and the costs of the action being assessed against it.

Appellant filed a motion for a new trial, which was overruled. The correctness of this ruling of the lower court is the question presented to this court by the record and the argument of counsel. The motion for a new trial is based principally upon the alleged error of the court in excluding certain testimony offered by the appellant. This testimony was offered by appellant, and tended to prove specific damages to appellant by reason of the location of the proposed highway.

One Thomas H. Perry, a witness called by appellant, and who was appellant's chief engineer, was asked upon his examination in chief, among others, the following questions: "Mr. Perry, I wish you would state to the jury what changes, if any, would be necessary in the drainage on your right of way, if this

proposed highway is constructed, speaking with reference to the culverts on the west side." (Appellee's counsel objected to the question for the reason that there is no allegation in the remonstrance for damage for the removal or the construction of ditches. The objection was sustained by the lower court.) "What, if any, planking along the tracks would be necessary, Mr. Perry, in the event this highway is established, and how much would the same cost?" (Appellee's counsel objected to the question for the reason that there was no allegation in the remonstrance which justified such proof. The lower court sustained the objection.) "You may state, Mr. Perry, what, if any, change would be necessary, by the establishment of this highway, in the present switch; and, if any change would be made necessary, why, and the cost, if any, of material and labor for such removal." (Counsel for appellee objected to witness answering this question, because "there is no allegation in the remonstrance charging specific damages." The lower court sustained the objection.) "What, if any, grading and graveling would have to be done on the right of way in the event the proposed highway is established, and what would be the reasonable cost of the same." (Objected to because there is no allegation in the remonstrance claiming damages for anything as outlined by the question. The objection was sustained.) "Mr. Perry, what changes, if any, in the railroad as it now exists, at the point in controversy, would be occasioned by the establishment of this proposed highway, with respect to additional cattle guards and wing fences, and what would be the cost of the same?" (The question was objected to because the remonstrance contained no specific claim covering the damages inquired about in the question. The court refused to permit the witness to answer.)

Thus, it will be seen that the lower court refused to allow appellant to prove any specific item of damages sustained by the location of the highway as petitioned for by appellees, and the grounds of the objection upon which the court excluded the evidence was, to state it generally, because appellant's remonstrance did not charge specific items of damage.   Appellant dismissed that part of its remonstrance which claimed that the proposed highway would not be of public utility, and, omitting the formal parts, left only the following averments as to damages:

"Comes now the Lake Erie & Western Railroad Company, one of the parties affected by said proposed highway, and remonstrates against the establishment of said highway, and the approval of the report of the viewers filed herein on the 5th day of April, 1895, upon the following grounds:  (1)  *  *  *  *; (2)  *  *  *  *  ; (3) That said proposed highway will in no way benefit the remonstrant, but, upon the other hand, will damage it in a large amount, to wit, the sum of five hundred dollars ($500.00).  [Signed.] L. E. & W. Railroad Co., by Shirts & Kilbourne, Attys."

The question then arises, was appellant entitled to prove the specific items of damage under the general allegation of his remonstrance for damages?

The statute under which the landowner may claim damages is as follows:  "If any person through whose land such highway or change may pass shall feel aggrieved thereby, such person may, at any time before final action of the board thereon, set forth such grievances by way of remonstrance, and the board shall, thereupon, appoint three disinterested freeholders as reviewers, and assign a day and place for them to meet."   Section 5019, Horner's R. S. 1897.   And any person aggrieved by any decision of the board may

apppeal to the circuit court of such county. Section 5027, Horner's R. S. 1897. And on appeal the same stands for trial *de novo* on the same footing as ordinary civil actions. *Bowers* v. *Snyder*, 66 Ind. 340; *Turley* v. *Oldham*, 68 Ind. 114. And must be tried in the circuit court on the pleadings on which it was tried in the commissioners' court. *Daggy* v. *Coats*, 19 Ind. 259. And the appeal to the circuit court presents for decision only such questions and issues as have been made before the county board, or by proper amendment on appeal. *Green* v. *Elliott*, 86 Ind. 53, 66. The rules of pleading prevailing in commissioners' court are, and should be, very liberal. *Board, etc.,* v. *Ritter*, 90 Ind. 362; *Board, etc.,* v. *Graham*, 98 Ind. 279; *Board, etc.,* v. *Dombke*, 94 Ind. 72.

The board in this cause, without any objection upon the part of the appellees, acted upon the remonstrance filed by appellant; appointed viewers to assess appellant's damages, if any, received the report and approved it. Appellees in no manner objected to the remonstrance. They neither moved to strike it from the files, nor to make it more specific, no such motion, nor, in fact any motion tending to test the sufficiency of the remonstrance was filed in either the commissioners' court or the circuit court. For this reason, we think, appellees waived all defects in the remonstrance covered by the objections made by them to the admission of the evidence offered. After appellees had gone to trial upon a remonstrance which was sufficient to inform them that appellant was claiming damages on account of the location of a highway for which they, appellees, were asking to have established, and without having in any manner, in either court, sought to have the allegation as to damages made more specific, it was then too late to object to the proof offered by appellant to sustain its claim.

The lower court should have permitted the witness to answer the questions, and it was error to refuse the offered evidence. Cause reversed, with instructions to the lower court to sustain appellant's motion for a new trial.