CITY OF FT. WAYNE *v.* CAPEHART-FARNSWORTH CORP. ET AL.

[No. 18,740. Filed May 15, 1957.]

*Thomas A. Gallmeyer,* of Fort Wayne, for appellant.

*Campbell, Livingston, Teeple & Dildine, Alex M. Campbell, Thomas W. Yoder,* and *David P. Heaton,*

(of counsel), all of Fort Wayne, for appellee, Cape-hart-Farnsworth Corporation.

*Hunt, Longfellow and Suedhoff,* of Fort Wayne and *H. C. Springer,* of Butler, for appellee, Lester W. Dailey, etc.

KELLEY, P. J.—Appellee, Capehart-Farnsworth Corporation, instituted action by complaint against appellant and the appellee, Lester W. Dailey, for damages allegedly suffered by said corporation by reason of the alleged negligence of appellant and said individual appellee in connecting a storm sewer line into the private sanitary sewer of said corporation thereby flooding the latter's basement and damaging and destroying certain items of personal property located therein. The issues raised by appropriate answer were submitted to the court which found the facts specially and entered three conclusions of law thereon favorable to said corporate appellee and said individual appellee, Lester W. Dailey. Consistent judgement followed and this appeal is taken therefrom, consequent upon the overruling of appellant's motion for a new trial. The only assignment of error is that the court erred in overruling the motion for a new trial.

In addition to the specifications that the decision and finding of the court is not sustained by sufficient evidence and that the same is contrary to law, appellant's motion for a new trial contains twenty specifications of error. Of these, only six are referred to in the argument portion of appellant's brief and, therefore, pursuant to the general holding in that behalf, all the remaining specifications are considered waived. The conclusions of law, as entered by the court, are unchallenged.

No cause for reversal as to the appellee, Lester W. Dailey, is shown or contended for by appellant. We

will, therefore, hereinafter use the word "appellee" as applying to the Capehart-Farnsworth Corporation, and the appellee, Lester W. Dailey, will be referred to as "Dailey".

Appellant groups specifications numbered 7, 9 (a), and 10 as presenting its contention that the appellee failed to properly prove its alleged damages; and specifications 8, 14 and 18 are grouped as presenting its contention that the appellee was guilty of contributory negligence as a matter of law.

The twenty-two findings entered by the court disclose, in substance, the following facts: Appellee, Capehart-Farnsworth Corporation, owns and operates a plant located on East Pontiac Street in Fort Wayne, Indiana, and therein manufactures, assembles, and stores radio and television sets and equipment and parts therefor. In 1946, said appellee constructed a new office building, containing a storage basement, wherein a sanitary toilet was constructed, and in said construction said appellee constructed an eight-inch sanitary sewer connecting with said toilet and extending northward beneath and across Pontiac Street and thence northward approximately 500 feet where it emptied into one of appellant's combined sanitary and storm sewers, the primary purpose of appellee's said sanitary sewer being to provide an outlet for said toilet and other sanitary drains in appellee's building. As a part of said sanitary sewer said appellee constructed "a manhole in the parkway along the south side of Pontiac Street".

In finding No. 6, the court found that in the construction of said sanitary sewer and said manhole, appellee

"Did not obtain a formal written permit, required by an ordinance of the City of Fort Wayne, Indiana, but said sanitary sewer and manhole were

constructed with the full knowledge, approval and with the active cooperation and subject to the inspection of the proper officials of the City of Fort Wayne".

Said sanitary sewer was properly constructed and worked satisfactorily and said basement and toilet were used without flooding from 1946 until after October, 1950, when appellant constructed a twelve-inch storm sewer from a catch basin in Pontiac Street and connected the same into appellee's said manhole, so that said storm sewer emptied into said manhole. About September 14, 1950, appellant contracted with appellee, Lester W. Dailey, a contractor engaged in the construction and repair of roads and highways, for the improvement, surfacing and draining of said East Pontiac Street at a point north of said appellee's plant and running east and west therefrom in accordance with plans and specifications prepared by appellant, which provided for a catch basin on the south side of Pontiac Street and which was to be connected with a manhole on the north side of said street.

In the course of the construction under said plans and specifications, appellee, Dailey, discovered the said manhole constructed by the corporation appellee in 1946 and thereupon notified the appellant thereof. The latter, without the knowledge or consent of said corporation appellee, amended said plans and specifications, through its Engineering Department, to provide that said catch basin be connected with appellee's said manhole and directed appellee, Dailey, to make such connection, which the latter did without the knowledge or consent of the corporate appellee. Appellee had no knowledge of said connection to its said manhole until the basement was flooded on December 2, 1950.

Neither appellant nor appellee, Dailey, at the time of the connection of said catch basin with said manhole,

knew that the corporate appellee's sanitary sewer connected with and ran through said manhole and that the manhole was a part of the sanitary sewer, and made no effort to ascertain the purpose or function of said manhole before such connection was made, although the function of the manhole would have been apparent on a casual investigation. The said plans and specifications furnished by appellant to appellee, Dailey, did not show that said manhole was a part of said sanitary sewer.

It was the custom and habit of appellant to make changes and alterations in the plans and specifications for street improvements through its Engineering Department. Upon completion of the work by Dailey, appellant accepted the work done, paid for the same, and certified that the work had been done according to the plans and specifications. Said changes in the plans and specifications decreased the cost of the construction of said street improvement. At the time appellee, Dailey, connected said catch basin with said manhole, he had no knowledge that the manhole had been installed by said corporation appellee or that the manhole was not a part of the appellant's sewer system.

On December 2, 1950, much rain fell in Fort Wayne (the findings give the inches of rainfall at various times of the day), and the Maumee River in said city reached flood stage at 12:01 A. M., December 3, 1950. Prior to December 2, 1950, seven inches of snow had accumulated on the ground in said city and, by reason of the rainfall and higher temperature, said snow had melted and ran off, leaving only a trace thereof on December 3, 1950.

As a direct result of the construction and emptying of said 12-inch storm sewer from said catch basin into said corporate appellee's manhole, appellee's sanitary sewer was overtaxed, the manhole became filled with

water to a depth between 6 and 8 feet, and the water and sewage backed up into said appellee's basement through said toilet. Said water containing sewage stood in said basement from a depth of 16 inches in the toilet room to a fraction of an inch in more remote areas of the basement and thereby a large amount of stored merchandise in cardboard cartons became soaked and contaminated with sewage water, causing many of said cartons to collapse and causing others stacked above to fall into the sewage water. As a result of the flooding of said basement, a large amount of stored merchandise and equipment were damaged in the aggregate sum of $4327.01 and said corporate appellee was forced to expend $442.68 to clean the sewage and debris from the basement.

Promptly after the flooding of said basement, appellant caused said 12-inch storm sewer, so emptying into said manhole, to be bricked up and closed, and later removed the catch basin into which said storm tile was connected. Since the closing of said storm tile, said sanitary sewer and basement of said corporate appellee has not been flooded.

Appellant says that the court by said finding No. 6 found that the corporation appellee constructed its sewer and manhole and had it enter the sewer system of appellant without securing a permit and that such "conduct" was contributory negligence as a matter of law which "proximately caused" said appellee's damage. However, said finding also found that appellee constructed its sanitary sewer and manhole "with the full knowledge, approval and with the active cooperation and subject to the inspection of the proper officials" of appellant. Said finding No. 6 of the court stands unimpeached by appellant. It is not argued that said finding is not sustained by the evidence. Thus it seems apparent, from the unchallenged finding of the

court, that appellant gave its approval to and actively cooperated in the construction by said appellee in 1946 of its said sanitary sewer and manhole. Appellant favors us with no discussion or citation of authority on the question of the legal effect, if any, of its approval and active cooperation in the construction of appellee's sewer and manhole, that is, whether such action and activity by it did or did not amount to a consent or permission for the construction and connection of appellee's private sanitary system with appellant's combined system, or did or did not constitute a waiver of the written permit requirement (see McQuillin Municipal Corporation, Second Edition, Vol. 4, Sec. 1566, page 333) or whether the facts were or were not such as to impose an estoppel upon it to assert as a defense that no proper permit was obtained. The absence of argument in this behalf denies us the onerous privilege of grappling with devious and troublesome questions. (As containing interesting relative pronouncements, see *The City of Evansville* v. *Decker* (1882), 84 Ind. 325, 326, 327; *The City of Fort Wayne* v. *Coombs, et al.* (1886), 107 Ind. 75, 83, N. E. 743; *Rice* v. *City of Evansville* (1886), 108, Ind. 7, 12, 9 N. E. 139.)

It may be solemnly queried whether under the facts, as found, there exists in truth any question of contributory negligence by appellee. The court found that the backing up of the water into appellee's basement and the consequent damage to the stored merchandise therein was the "direct and proximate result of the construction and emptying of said 12-inch storm sewer from said catch basin into plaintiff's (appellee's) said manhole". It is important to here note that the alleged damage to appellee's property was not occasioned by the backing up of the water from and through the point where appellee's sanitary sewer emptied into appellant's combined sanitary and

storm sewers, which said point was approximately 500 feet northwardly of appellee's said manhole. The direct cause of the damage to appellee, as the several findings of the court disclose, was the connection by appellant of its catch basin with appellee's manhole by means of a 12-inch storm sewer, without making any "effort to ascertain the purpose or function of said manhole before connecting said catch basin thereto," whereby and as a direct result of such connection appellee's sanitary sewer was overtaxed and the sewage water backed up into appellee's basement damaging the property stored therein. So it may be logically questioned, we think, whether, under the circumstances found, appellee's failure to obtain a "formal written permit" was a contributing factor to the cause of its damage.

However, if appellee had constructed its manhole under the public highway where appellant, as one of its governmental functions, was authorized to install its combined sewer system, and appellant, as a part of the improvement and extension of said system, had connected its storm sewer thereto, as found by the court, a severe question would be provoked as to whether appellant, under such circumstances, would be under any duty or obligation to appellee with respect thereto, which, in turn, would involve a consideration of whether appellant, in such event, was then acting in a ministerial or governmental capacity. The findings do not definitely state nor indicate whether said manhole was under the public highway or in private ground. They state that appellee constructed the manhole "in the parkway along the south side" of Pontiac Street and that Dailey discovered the manhole "on the park strip on the south side" of Pontiac Street. Whether the "parkway" or the "park strip" forms a part of the public highway known as Pontiac Street or is on private ground is not made evident by the

findings. The aforesaid matters are not treated by the parties and we suggest them for the purpose of exemplifying that in view of said finding No. 6 would lack the warrant to conclude on the record that appellee was contributorily negligent "as a matter of law".

We next consider said specification 7, 9 (a), and 10 of appellant's new trial motion which appellant has grouped to present its claim that appellee failed to properly prove its damages. Specification 9 (a) presents no question. It charged error in admitting certain oral evidence over appellant's objection. The questions asked, the objections made thereto, the rulings of the court, and the answers given by the witness are not set out in the motion for new trial. It has long been held in this state that unless such essentials are supplied, we cannot determine whether the objections were well taken or whether the answers made were harmful.

Specification 10 presents no known ground of error. It asserts error of the court in finding for appellee "on the basis of the evidence submitted by Clarence Bandelier, the only witness who testified as to the amount of damages", and then proceeds to present argumentative matter in the new trial motion in support thereof. It does not charge, nor is there a charge anywhere in the motion for a new trial, that the damages assessed were excessive. Our subsequent consideration of specification 7 will no doubt determine upon the same matters as were proposed in said specification 10.

Said specification 7 asserts that Special Finding No. 21 is not sustained by the evidence. This specification, standing alone is insufficient and not a proper ground for a new trial, *Major* v. *Miller* (1905), 165 Ind. 275, 278, 75 N. E. 159; *Scott* v. *Collier* (1906), 166 Ind. 644, 648, 78 N. E. 184, *Federal Life Insurance Company* v. *Maxam, et al.* (1917), 70 Ind. App. 266, 289, 117 N. E. 801, 118 N. E. 839. However, it may be considered under the

specifications that the decision and finding of the court is not sustained by sufficient evidence and is contrary to law. Said finding was to the effect that as a result of the flooding of the basement, appellee's merchandise and equipment, stored therein, were damaged in the aggregate sum of $4327.01 and appellee was forced to expend $442.68 to clean the sewage and debris from the basement. As we understand appellant's contention, it is that there was no proof as to the fair market value of the damaged material immediately prior to the flooding of the basement and the fair market value immediately thereafter and, therefore, that appellee failed to properly prove its damages. As a corollary to said contention, appellant seems to propose that the value of the damaged property were values taken from the "selling price list" of appellee and that the values assigned to the damaged property did not take into consideration any depreciation of the property. Appellant's contention amounts, in truth, to a contention that because the damages were not properly proved, the damages awarded by the court are excessive.

The record reveals no motion by appellant to modify the judgment and there is no specification in the new trial motion that the damages assessed are excessive. Therefore, no question as to the amount of recovery is presented. *Warner, et al.* v. *Curran* (1881), 75 Ind. 309, 313; *Douch* v. *Bliss* (1881), 80 Ind. 316, 323; *Ringle, et al.* v. *The First National Bank of Kendallville, et al.* (1886), 107 Ind. 425, 430, 8 N. E. 236; *Thickstun* v. *The Baltimore and Ohio Railroad Company* (1888), 119 Ind. 26, 21 N. E. 323; *Davis, et al.* v. *Montgomery* (1889), 123 Ind. 587, 589, 24 N. E. 367. It follows that if, under the evidence, appellee was entitled to anything, the finding must be upheld. *The Globe Accident Insurance Company* v. *Helwig* (1895), 13 Ind. App. 539, 540, 41 N. E. 976; *Weller* v. *Becktell*

(1891), 2 Ind. App. 288, 232, 28 N. E. 333; *Spurrier and Others* v. *Briggs* (1861), 17 Ind. 529, 532.

The record discloses that some of the equipment and property rendered worthless by the sewage water was purchased by appellee and a part thereof seems to have been used for purposes other than resale, other equipment was purchased by appellee and sold in its regular trade, and other specially-built equipment was assembled for sale to particular or special-order customers. There was evidence tending to establish the cost of the materials purchased by appellee and a part of which was for purposes other than resale; the fair market value of the equipment sold in regular trade; and the cost or fair market value of the labor and materials for the production of the specially-built equipment for particular customer sale; and that all of said materials and equipment were rendered worthless by the sewage water. Such evidence, we think, was sufficient to sustain the finding of the court. In view of evidence of the miscellaneous and varied character, purpose and nature of the damaged materials and equipment, the proof of damage in exactness and in accord with established precise applicable rules was a most difficult task. It was the tortious act of appellant which created this situation and all doubts and uncertainties as to the proof of the exact measure of damages must be resolved against it. ". . . any other rule would enable the wrongdoer to profit by his wrongdoing at the expense of his victim. . . . The most elementary conception of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong created. . . .". *Bigelow* v. *R. K. O. Radio Pictures, Inc.* (1945), 327 U. S. 251, 264, 265, 66 S. Ct. 574, 90 L. Ed. 652, 660.

The evidence favorable to appellee does not support the proposal that the values of the damaged property

were values taken from the "selling price list". As we have heretofore indicated, there was evidence which we think properly established the value of the damaged equipment prior to its damage. There was evidence, also, that there was no depreciation of the equipment or property referred to by appellant and that there was no salvage recovered which possessed any marketable value.

Appellant asserts that the court found that appellee had "sustained damage in an amount in excess of that demanded by the plaintiff (appellee) in its complaint". There was no error in this respect. The complaint prayed for judgment in the amount of $4500.00 and the court gave judgment in the amount of $4769.69, with interest and costs. The appellant answered the complaint thereby forming the issues on which the cause was tried. "In the absence of an answer, the relief granted cannot exceed the relief demanded, but, if the defendant answer, the court may grant such relief as the case made may justify, whether specially demanded or not", and the complaint, being amendable below, will be treated as amended upon appeal. *Bozarth* v. *McGillicuddy et al.* (1897), 19 Ind. App. 26, 35, 36, 47 N. E. 397, 399, 48 N. E. 1042.

Appellant has submitted additional authorities which it says support the proposition that "municipal officers of limited authority, the plumbing inspector in the present case, cannot by laches, wrongful act or dereliction of duty, estop the city of the effect of a municipal ordinance." As pointed out above, the appellant did not treat the question of waiver and estoppel in its brief. There is, then, no contention nor assertion of error to which the additional authorities can be applied. Further, appellant indicates in its statement, quoted above, that the only municipal officer lending observation to the construction of appellee's sanitary sewer in

1946 was the "plumbing inspector". Other than several sections of the ordinances and Municipal Code of Fort Wayne, appellant sets forth no condensed recital of evidence in its brief bearing on the issue of its alleged negligence or the alleged contributory negligence of the appellee. However, appellee makes reference in its brief to evidence that the building inspector, the plumbing inspector, and the electrical inspector, were there and made inspections.

Appellant, having failed to establish error by the record, the judgment appealed from should be affirmed.

Judgment affirmed.

NOTE.—Reported in 142 N. E. 2d 442.