THE SILVER FLEET MOTOR EXPRESS, INC. *v.*
SCOTT-TEEN, INC. ET AL.

[No. 19,511.   Filed February 27, 1962.]

*John R. Dollens,* of Scottsburg, for appellant.

*Eugene Hough, Leland West,* both of Scottsburg, *Richard M. Givan* and *Bowen, Myers, Northam & Givan,* both of Indianapolis, for appellees.

KELLEY, P. J.—The appellee, Melcher & Landau, Inc., an Illinois corporation, located in Chicago, Illinois, caused to be shipped to appellee, Scott-Teen, Inc., an Indiana corporation, located in Scottsburg, Indiana, certain infants' and children's wear, packaged in four fibre cartons. The appellant transported and

carried said cartons of infants' and children's wear in its truck to the consigned destination thereof, namely, the "store" or "shop" of said appellee, Scott-Teen, Inc., in Scottsburg, Indiana. In said truck appellant also carried a "five gallon oil drum. A five gallon can of tar . . . ." Said can or drum "had broken or had been punctured and had run over the floor of the truck" and onto the four cartons of merchandise.

The driver of appellant's said truck said that there was an odor of creosote in the truck. "I could smell oil and creosote in the truck." The manager of the store of appellee, Scott-Teen, said that "They (the four cartons of children's wear) were soaked with something that smelled and I wouldn't accept them. They were badly damaged. I said right off to the truck driver that I wouldn't sign for them. I turned to him and said, 'Would you accept them,' and he said 'No, lady, I wouldn't.'" Further, she testified that "I couldn't have taken the contents in the shop in the shape they were in."

An expert testifying for appellees said that the odor of petroleum products will be picked up by clothing or fabrics; that the odor remains with the clothing for varying degrees of time; that the lighter product evaporates quicker than the heavier oils; and that clothing bearing the odor of road oils will spread to other clothing.

The president of appellee, Scott-Teen, who was also the buyer of its clothing and merchandise, said that on the day she testified she had examined the merchandise within the cartons and there was an odor and discoloration of said merchandise.

The value of the merchandise if it had been in "good saleable condition" was established to be $916.72. It was also established that the appellee Scott-Teen had

not paid the appellee Melcher & Landau for the merchandise.

The foregoing facts were established in the trial of this action which was duly instituted by appellees against appellant for damages. The court found for appellees and awarded them a judgment for $800.00 and further adjudged that all interest of appellees in any salvageable merchandise shipped by appellant be extinguished.

Appellant's motion for a new trial contained nine specifications in support thereof. The motion was overruled by the court and such action is the only error here assigned. The appellant, in its brief, expressly waives all specifications in the new trial motion except those asserting insufficiency of the evidence to sustain the decision and that the decision is contrary to law. There is no specification in the new trial motion contesting or questioning the amount of the damages found by the court. There was no motion made by appellant to modify the judgment.

Appellant's whole argument in its brief is confined to a discussion of the correct measure of damages applicable in a case of injury to property and to certain evidentiary questions. Any question as to the evidentiary contention so discussed has been expressly waived by appellant, as above stated. In ultimate base appellant's argument amounts to nothing more than a contention that the damages were not properly proved and, therefore, the damages were excessive. In *City of Ft. Wayne* v. *Capehart-Farnsworth Corp., et al.* (1957), 127 Ind. App. 412, on page 423, 142 N. E. 2d 442, a similar situation was presented and was disposed of in this fashion:

". . . Appellant's contention amounts, in truth, to a contention that because the damages were

not properly proved, the damages awarded by the court are excessive.

"The record reveals no motion by appellant to modify the judgment and there is no specification in the new trial motion that the damages assessed are excessive. Therefore, no question as to the amount of recovery is presented. *Warner et al.* v. *Curran* (1881), 75 Ind. 309, 313; *Douch* v. *Bliss* (1881), 80 Ind. 316, 323; *Ringle et al.* v. *The First National Bank of Kendallville et al.* (1886), 107 Ind. 425, 430, 8 N. E. 236; *Thickstun* v. *The Baltimore and Ohio Railroad Company* (1888), 119 Ind. 26, 21 N. E. 323; *Davis et al.* v. *Montgomery* (1889), 123 Ind. 587, 589, 24 N. E. 367. It follows that if, under the evidence, appellee was entitled to anything, the finding must be upheld. *The Globe Accident Insurance Company* v. *Helwig* (1895), 13 Ind. App. 539, 540, 41 N. E. 976; *Weller* v. *Becktell* (1891), 2 Ind. App. 288, 28 N. E. 333; *Spurrier and Others* v. *Briggs* (1861), 17 Ind. 529, 532."

We think the foregoing quoted holding is decisive of the contention made by appellant in this case. The evidence and permissible inferences therefrom, in our opinion, amply supported a recovery by appellees and appellant cannot complain that the court awarded appellees less than claimed by them.

The judgment is affirmed.

Bierly, Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 242.