Filed Sept. 15, 1891.

---

### No. 173.

### WELLER *v.* BECTELL.

VERDICT.— *Special Findings.—Motion for Judgment Upon.*—If the special findings can be reconciled with the general verdict under any proof that might have been made within the issues, a motion for judgment on the special findings, notwithstanding the general verdict, may be properly denied.

SALE.—*Nursery Trees.—Implied Warranty.*—In the sale of nursery trees for transplanting, the law implies a warranty upon the part of the seller that they shall be reasonably fit for and adapted to that purpose.

SAME.—*Inadequacy of Consideration.*—The mere fact that an article may have been worth less than the contract-price, in the absence of a breach of warranty or fraud in the sale of it, constitutes no defence to an action for the purchase-price; nor is evidence of such fact admissible to reduce the amount of recovery.

PRACTICE.—*Excessiveness of Amount of Recovery.—Motion for New Trial.— Assignment of Failure of Evidence.*—Where the appellee is entitled to recover any amount, the excessiveness of the amount of recovery can not be made available under an assignment in the motion for a new trial, of the failure of the evidence.

From the Jay Circuit Court.

*J. J. M. La Follette* and *J. M. Smith,* for appellant.

*L. I. Baker* and *C. M. C. Shanks,* for appellee.

CRUMPACKER, J.—This action was commenced by Mary

E. Bectell against John E. Weller, before a justice of the peace in Jay county, to recover a sum of money alleged to have been had and received by the defendant for the use of the plaintiff.

The cause was tried before the justice upon the issues created by the statute, and resulted in a judgment for the defendant.

The plaintiff appealed to the circuit court, where the cause was tried by a jury, and a verdict was returned in favor of the plaintiff for fifty-five dollars. The jury also answered four interrogatories submitted to them by the court at the request of the defendant.

The defendant moved for judgment in his favor, upon the special findings, notwithstanding the general verdict, which motion was overruled, and he excepted.

His motion for a new trial was also overruled, and judgment was rendered upon the verdict.

The defendant appeals, and assigns errors which question the correctness of the court's ruling upon the motions noticed above.

The interrogatories answered by the jury are as follows:

" 1st. Was the one hundred and eighty dollars loaned to the defendant, J. E. Weller, and Jacob N. Bectell as partners?

" Answer. No.

"2d. Did the defendant, J. E. Weller, pay to the plaintiff one hundred dollars to be applied on the note?

" Answer. Yes.

" 3d. Did the plaintiff and Jacob N. Bectell, her husband, execute to Weller, the defendant, on the same day that the defendant paid the hundred dollars, the following contract?

" ' APRIL 23d, 1888.

" ' We, the undersigned, have this day bought of J. E. Weller the following bill of apple-grafts, to be delivered in

the spring of 1888, at the following price :   No. of grafts, four thousand, at $80.' "

Signed :                                   " MARY BECTELL.
                                          " J. W. BECTELL.

" 'Salesman :   J. E. WELLER.'

" Answer :   Yes.

" 4th.   Did the defendant deliver to the plaintiff and J. N. Bectell, her husband, four thousand apple-grafts in the spring of 1888?

" Answer.   Yes."

There was no error in overruling the appellant's motion for judgment upon the interrogatories, because they are not necessarily in conflict with the general verdict.   In determining this question we can not be controlled by the evidence actually adduced, but if the special findings can be reconciled with the general verdict under any proof that might have been made within the issues, the motion was properly denied.   *Stevens* v. *City of Logansport*, 76 Ind. 498.

There seems to be nothing to identify the transactions disclosed by the interrogatories with the subject-matter of the action.   So far as the interrogatories show, the suit may have been about a matter wholly foreign to anything they disclose.

Furthermore, if the identity was complete there would be no difficulty in reconciling the general and special findings.   For instance, the defence may have been the delivery of property in accord and satisfaction of the demand sued upon ; and this defence might have been met and overcome by proof of a breach of warranty, or of false representations respecting the quality of the property delivered, and all of the facts found specially still exist.

Two questions arising upon the motion for a new trial are discussed by appellant's counsel, viz. :   (1) The verdict is not sustained by sufficient evidence.   (2) Error in the admission of evidence relative to the value of certain nursery plants, involved in the controversy.

A synoptical statement of the facts proved at the trial is as follows:

In March, 1888, the appellant and Jacob N. Bectell, the appellee's husband, agreed to go into the nursery business as partners, each agreeing to contribute the sum of one hundred and eighty dollars, for the purchase of stock. The appellee owned a farm upon which she lived with her husband, who managed it for her, and the arrangement was that the nursery stock should be planted and cultivated on her farm. She borrowed one hundred and eighty dollars, which she turned over to the appellant as her husband's share of the capital, and the appellant was to put a like amount with it, and purchase the plants. Afterwards the partnership project was abandoned at appellee's request, and on the 23d day of April, 1888, they all agreed that the appellant should repay the appellee one hundred dollars of the money advanced by her, and in settlement of the balance she should take from him 4000 "grafts," or nursery plants, at twenty dollars per thousand. In accordance with this arrangement appellant paid the one hundred dollars, and the contract set out in interrogatory numbered three, with reference to the purchase of the grafts, was entered into.

The grafts referred to in the contract were delivered and accepted by the appellee after some amount of protesting upon the part of her husband.

There was evidence from which the jury might reasonably have found that about 1,400 of the plants were so small and so damaged that they were worthless. No evidence was introduced tending to prove that the quality of the balance of the plants was not good, and that they were not such as the contract called for, but the court allowed the appellee to introduce evidence that the value of these plants was from six to twelve dollars a thousand.

This action is for the recovery of the eighty dollars which was to have been paid by the delivery of the nursery plants.

If the question had been raised, it may well be doubted whether, under the circumstances, the action could be maintained in its present form.

In the sale of nursery trees for transplanting, the law implies a warranty upon the part of the seller that they shall be reasonably fit for and adapted to that purpose. *Poland* v. *Miller*, 95 Ind. 387.

It would seem, under the evidence, that the appellee's claim, if she has any, is for breach of warranty in the sale of the plants.

An action for money had and received under these circumstances would involve a rescission of the contract, and that could not be had until the parties were placed *in statu quo*. Both parties, however, treat the case as if the form of action was the proper one to determine the rights involved, and we shall consider it accordingly.

Our conclusion is that the evidence fairly supports the verdict. The evidence tending to show that 1,400 of the plants were unfit for use and worthless would, if true, authorize a verdict in favor of the appellee for the price of such plants—twenty-eight dollars.

Where the appellee is entitled to recover any amount the excessiveness of the amount of recovery can not be made available under an assignment in the motion for a new trial, of the failure of the evidence.

We are of the opinion, however, that the trial court was in error in admitting evidence of the value of the 2,600 good plants. The mere fact that an article may have been worth less than the contract-price, in the absence of a breach of warranty or fraud in the sale of it, would constitute no defence to an action for the purchase-price; nor would evidence of such fact be admissible to reduce the amount of recovery. Where one gets all he contracts for, the inadequacy of the consideration will not, ordinarily, relieve him from the obligation to pay the contract-price. The appellee had the right to make the contract in question, and if she agreed,

without fraud or imposition, to pay twenty dollars a thousand for "grafts" which were worth only eight dollars, the contract was of her own making, and there is no power in the courts to relieve her from its burdens.

The jury evidently understood from the admission of this evidence that it was their duty to consider it in the assessment of damages, and did so consider it, as they allowed only twenty-five dollars for the four thousand "grafts."

The judgment is reversed, at appellee's costs, with instructions to grant a new trial.

