Mary D. McCALL, Appellant,

v.

STATE OF INDIANA DEPARTMENT OF NATURAL RESOURCES DIVISION OF FORESTRY, Vallonia State Nursery Orange County, Appellees.

No. 49A02–0402–CV–136.

Court of Appeals of Indiana.

Feb. 8, 2005.

Transfer Denied May 5, 2005.

Mary D. McCall, Winter Park, FL, Appellant pro se.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Mary McCall ("McCall") filed a complaint against the Indiana Department of Natural Resources Division of Forestry, Vallonia State Nursery, and Orange County (collectively "the Defendants") in Marion Superior Court alleging that those defendants negligently supplied McCall with defective black walnut seedlings. The trial court dismissed the case with prejudice after concluding that McCall's complaint was not filed within the applicable statute of limitations. McCall appeals arguing that the trial court erroneously dismissed her complaint because it was filed within the ten-year statute of limitations for breach of contract claims. Concluding that the trial court properly dismissed McCall's complaint, we affirm.

### Facts and Procedural History

In November of 1993 and 1994, McCall purchased five hundred black walnut seedlings from the Defendants for a total of one thousand seedlings. McCall camped out during the spring of 1995 to plant the seedlings "under extreme difficulty." Br. of Appellant at 4. McCall "managed to plant them by hand—with a spade, in unprepared soil.... She tried to plant 35 each morning or afternoon." Br. of Appellant at 4–5.

On November 21, 2003, McCall filed a complaint against the Defendants in Marion Superior Court. In the complaint, she alleged that the black walnut seedlings

were "freaks of nature" or "culls."[1] Br. of Appellant at 13. She then claimed the Defendants "were negligent for failing their Nursery's own mission 'to grow and distribute to Indiana landowners high quality plant materials for conservation plantings.'" McCall also alleged that they breached the traditional partnership of 'TREE PLANTING.'" Br. of Appellant at 13–14. Finally, McCall alleged that the Defendants were strictly liable to her for "750 Black Walnut Trees, with 2 or 3 logs each, @ $2,500 per log."

On December 29, 2003, the Defendants moved for judgment on the pleadings pursuant to Indiana Trial Rule 12(C). In the motion, the Defendants argued that McCall failed to file her complaint within the two-year statute of limitations for tort claims. On January 15, 2004, the trial court granted the Defendants' motion and dismissed McCall's complaint with prejudice. McCall filed a motion to correct error, which was denied. McCall now appeals.[2]

## Standard of Review

Indiana Trial Rule 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Like a Trial Rule 12(B)(6) motion to dismiss, a Trial Rule 12(C) motion attacks the legal sufficiency of the pleadings. *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 661 (Ind.Ct.App.2002), *trans. denied.* Our review of a trial court's ruling on a Trial Rule 12(C) motion is de novo, and a motion for judgment on the pleadings will not be granted unless it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.*

## Discussion and Decision

The trial court granted the Defendants' motion for judgment on the pleadings because McCall failed to file her complaint within the two-year statute of limitations for tort claims. *See* Ind.Code § 34–11–2–4 (1999 & Supp.2004) ("An action for: (1) injury to person or character[;] (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues."). McCall contends that in her complaint she raised a breach of contract claim not a tort claim.

McCall asserts that the statute of limitations for a written contract is ten years and her complaint was filed before the statute of limitations expired. However, in her complaint, McCall did not allege that she had a contract with the Defendants and did not submit a written contract to the trial court.[3] Furthermore, "'it is the nature or substance of an action, rather than its form, that will determine the applicability of the statute of limitations.'" *Raquet v. Thompson,* 693 N.E.2d 969, 971 (Ind.Ct.App.1998) (quoting *Klineman, Rose and Wolf, P.C. v. N. Am. Lab.*

---

**1.** A "cull" is defined as "something rejected especially as being inferior or worthless." *See* Merriam–Webster Online Dictionary *available at* http://www.m-w.com/cgi-bin/dictionary (last visited on December 10, 2004).

**2.** Defendant Orange County was dismissed as a party from this appeal.

**3.** In her appendix, McCall included a document from the Nursery Section of the Forestry Division that describes the mission of that agency, the quality of the nursery stock, and the "buyer agreement." The "buyer agreement" section provides that the buyer agrees to plant the seedlings in Indiana "for conservation plantings" and provides a place for the buyer's signature. However, this document is not signed by McCall and does not include any terms with regard to her specific purchase of the black walnut seedlings. Appellant's App. p. 23.

*Co.,* 656 N.E.2d 1206, 1207 (Ind.Ct.App. 1995), *trans. denied* ).

The nature and substance of McCall's complaint raises a claim, not of tort or contract, but of breach of implied warranty. McCall has alleged that the Defendants failed to provide suitable black walnut tree seedlings despite their stated mission: to provide "high quality plant materials." *See* Appellant's App. p. 13. "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under IC 26–1–2–316, an implied warranty that the goods shall be fit for such purpose." Ind.Code § 26–1–2–315 (2002). *See also Weller v. Becktell,* 2 Ind. App. 228, 232, 28 N.E. 333, 334 (1891) ("In the sale of nursery trees for transplanting, the law implies a warranty upon the part of the seller that they shall be reasonably fit for and adapted to that purpose.").

■ A claim of breach of implied warranty must be commenced within four years after the cause of action accrues. Ind.Code § 26–1–2–725 (2002). *See also Stumler v. Ferry–Morse Seed Co. et al.,* 644 F.2d 667, 668–69 (7th Cir.1981) (The sale of tomato seeds is a sale of goods under Indiana's version of the Uniform Commercial Code and the four-year statute of limitations applies). McCall ordered black walnut tree seedlings from the Defendants in November of 1993 and 1994. In her complaint, McCall states that she planted the seedlings the "following spring." Consequently, her cause of action accrued sometime during the spring of 1995. However, her complaint was not filed until November 21, 2003, and was therefore filed approximately four years after the four-year statute of limitations expired. Accordingly, we conclude that the trial court did not err when it dismissed McCall's complaint. *See Right Reason Publ'n v. Silva,* 691 N.E.2d 1347, 1349 (Ind.Ct.App.1998) ("[W]e will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record.").

Affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.