**WIRELESS ADVOCATES, LLC, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–1109–TA–60.

Tax Court of Indiana.

Aug. 17, 2012.

Benjamin S.J. Williams, Shambaugh, Kast, Beck & Williams, LLP, Fort Wayne, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Indiana Attorney General, John D. Snethen, John P. Lowrey, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

WENTWORTH, J.

Wireless Advocates, LLC appeals the Indiana Department of State Revenue's final determination denying its claim for refund of adjusted gross income tax for the 2006 tax year. The matter is currently before the Court on the Department's Motion to Dismiss (Motion) for failure to state a claim upon which relief may be granted. The Court finds the Motion should be denied.

### FACTS AND PROCEDURAL HISTORY

During the 2006 tax year, Wireless Advocates, a foreign limited liability company, conducted its business in several states, including Indiana. At some point, Wireless Advocates filed a claim with the Department seeking an income tax refund of $6,465 for the 2006 tax year; the Department denied the claim on June 29, 2011.

On September 26, 2011, Wireless Advocates filed a Notice of Appearance and a

Verified Petition for Judicial Review to which it attached a three-page letter, the Department's order denying its refund claim, a postal receipt, a certified mail receipt, and the power of attorney it executed for the administrative proceedings. Thomas Gaisser, a member, vice-president, and chief financial officer of Wireless Advocates, signed the Verified Petition and Notice of Appearance.

On October 28, 2011, the Department filed its Motion, and on November 14, 2011, attorney Benjamin S.J. Williams entered an appearance on behalf of Wireless Advocates. On February 27, 2012, the Court held a hearing on the Department's Motion at which both parties were represented by counsel.

Additional facts will be supplied as necessary.

### ANALYSIS AND ORDER

■ A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim, not the facts supporting it. *See Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind.2011). Accordingly, this Court will not dismiss a complaint unless its face clearly demonstrates that the complaining party is not entitled to relief. *See Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind.2007). Moreover, in considering a motion to dismiss, the Court views the pleadings in the light most favorable to the non-moving party, with every inference drawn in its favor. *See id.* at 604.

■ The Department initially explains that Indiana does not require limited liability companies to be represented by counsel in court, in contrast to corporations. (*See* Resp't Mem. Supp. Mot. Dismiss (hereinafter "Resp't Mem.") at 1–6.)[1] Accordingly, the Department invites the Court to create such a rule as a matter of first impression in this state. (*See, e.g.*, Hr'g Tr. at 4–5.) The Department then asks the Court to dismiss this case because Wireless Advocates, a limited liability company, could not initiate this appeal itself; Gaisser, as a non-attorney, could not initiate this appeal on Wireless Advocates's behalf; and Gaisser engaged in the unauthorized practice of law by signing and filing the Verified Petition and Notice of Appearance. (*See* Resp't Mem. at 7–9.) The Court declines to invent such a rule where one does not currently exist.[2] Thus, the Court consolidates the Department's several issues into the one dispositive issue: whether dismissal is the proper remedy in this case.

When a corporation prosecutes or defends its case pro se and its opponent contests such representation, Indiana courts generally have given the corporation an opportunity to retain counsel, which the corporation must refuse before dismissing the action. *See, e.g., State ex. rel. Western Parks v. Bartholomew Cnty. Ct.*, 270 Ind. 41, 383 N.E.2d 290, 292–93 (1978) (prohibiting a court from exercising its jurisdiction until the plaintiff-corporation obtained counsel). Indeed, the Indiana Court of Appeals has explained

---

1. *See also* IND.CODE § 34–9–1–1(c) (2012) (mandating that corporations, among others, be represented by counsel in certain instances).

2. Indiana Small Claims Rule 8(C)(3) requires that limited liability companies be represented by counsel in matters exceeding $1,500. *See* Ind. Small Claims Rule 8(C)(3). Nonethe-

less, the Court need not determine the applicability of this Rule to its proceedings or if Gaisser engaged in the unauthorized practice of law because the Rule was not mentioned by either attorney, unauthorized practice of law determinations are within the province of the Indiana Supreme Court, and the case is decided on other grounds.

that a "corporate litigant must be given a fair opportunity to correct its error and retain competent counsel before dismissal would be appropriate." *Christian Bus. Phone Book, Inc. v. Indianapolis Jewish Cmty. Relations Council*, 576 N.E.2d 1276, 1277 (Ind.Ct.App.1991). Furthermore, over twenty years ago this Court noted that while an appeal initiated by a non-attorney on a corporation's behalf is procedurally defective, the defect is curable. *Sherry Designs, Inc. v. State Bd. of Tax Comm'rs*, 589 N.E.2d 285, 285 n. 1 (Ind. Tax Ct.1992).

The Department maintains, however, that dismissal is the appropriate remedy in this case because both the Clerk of the Court and a certified public accountant advised Wireless Advocates and Gaisser to consult with an attorney before filing this appeal, providing both notice that counsel would be required and a fair opportunity to retain counsel before doing so. (*See* Hr'g Tr. at 6–7; Resp't Mem. at 9–10.) Despite this warning, the Department argues that Gaisser purposefully acted as Wireless Advocates's attorney by filing the Verified Petition, a legal memorandum (*i.e.*, the three-page letter), and the Notice of Appearance in "an attempt to game the system and get additional time to hire an attorney." (*See* Hr'g Tr. at 13–16; Resp't Mem. at 8–11.) Therefore, the Department concludes that Wireless Advocates is not deserving of the equitable result of

being allowed to cure its procedural mistake.[3] Moreover, the Department claims an equitable result is not imperative in this case because Wireless Advocates had an opportunity to be heard when its refund claim was reviewed by the Department during the administrative process. (*See* Hr'g Tr. at 9–10, 16 (*citing Simmons v. Carter*, 576 N.E.2d 1278 (Ind.Ct.App.1991); *Christian Bus. Phone Book*, 576 N.E.2d at 1277).) The Court finds the Department's reasoning unpersuasive.

[3, 4] "Dismissal is a remedy which is not favored in this state because 'in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied.'" *Christian Bus. Phone Book*, 576 N.E.2d at 1277 (citation omitted). Wireless Advocates's petition reveals nothing to defeat an equitable result—there is no evidence of undue delay, bad faith, or dilatory motive on either Wireless Advocates's or Gaisser's part in obtaining counsel.[4] Instead, Wireless Advocates obtained counsel of its own volition just nine days, excluding both weekends and recognized holidays, after the Department filed its Motion.[5] Moreover, the administrative review of Wireless Advocates's refund claim is not a substitute for its right to be heard in this Court, which has a statutory duty to review the Department's denial of refund claims *de novo*. *See Indiana Dep't of Revenue v. Miller Brewing Co.*, No. 49S10–1203–TA–

---

3. The Department, however, admits that the Clerk advised Wireless Advocates (*via* Gaisser) to consult with an attorney for assistance in correcting its original defective filing (*i.e.*, the three-page letter), not to warn Wireless Advocates that it must be represented by counsel because it is a limited liability company. (*See* Hr'g Tr. at 9–11; Resp't Mem. at 10.)

4. *See generally, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985); *Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20 (2nd Cir.1983); *Strong Delivery Ministry Ass'n v. Board of Appeals*, 543 F.2d 32 (7th Cir.1976) (all affirming a trial court's dismissal of a corporate litigant's case after trial court advised the corporate litigant to retain counsel, but the corporate litigant refused).

5. *See* Ind. Trial Rule 6(A).

136, 2012 WL 3043163, at *3 (Ind.2012); Ind.Code § 6–8.1–9–1(d) (2012). Therefore, the Court finds that Wireless Advocate's petition does not deserve the terminal result of dismissal. Accordingly, the Department's Motion is DENIED, and the Court ORDERS the Department to file its Answer within thirty (30) days of the date of this Order.

SO ORDERED.