# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ADAM LENKOWSKY**
Roberts & Bishop
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**L. ALAN WHALEY**
**STEPHEN E. REYNOLDS**
**JENNY R. BUCHHEIT**
Ice Miller, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BERTRAM A. GRAVES, M.D., | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )     No. 49A05-1301-PL-1 |
| | ) |
| RICHARD KOVACS, M.D., | ) |
| EDWARD ROSS, M.D., and | ) |
| INDIANA UNIVERSITY HEALTH, f/k/a | ) |
| CLARIAN HEALTH PARTNERS, INC., | ) |
| | ) |
| Appellees-Defendants, | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-1009-PL-39308-001

June 18, 2013

OPINION - FOR PUBLICATION

**BARNES, Judge**

## Case Summary

Dr. Bertram Graves appeals the trial court's granting of the motion for judgment on the pleadings filed by Drs. Richard Kovacs and Edward Ross. We reverse and remand.

## Issue

The dispositive issue we address is whether the trial court erred in concluding that Dr. Graves's complaint failed to state any actionable claim against Drs. Kovacs and Ross.

## Facts

Dr. Graves is a cardiologist who worked for Clarian Health Partners ("Clarian"), which later became known as Indiana University Health ("IU Health"), from 1992 through August 1, 2009. On that date, Clarian/IU Health revoked his cardiology privileges. Dr. Graves contends that Drs. Kovacs and Ross played a role in the revocation of his privileges, by providing false information to peer review committees and improperly reviewing allegations against Dr. Graves.

On September 7, 2010, Indianapolis MOB, LLC ("MOB"), which is a corporate landlord, sued Dr. Graves for breaching his lease of office space by failing to pay rent. Dr. Graves, in turn, filed a third-party complaint against Clarian/IU Health on November 30, 2010, alleging breach of contract when it did not renew his cardiology privileges, and alleging a substantial loss of income and the inability to pay his rent to MOB. Dr. Graves filed his first amended third-party complaint on December 27, 2010, to attach a copy of his contract with Clarian/IU Health.

2

On January 27, 2011, the trial court granted MOB's motion to sever the third-party complaint from its lawsuit against Dr. Graves. After over a year of delay regarding how the parties would proceed, on March 7, 2012, Dr. Graves filed a "Second Amended Complaint" against Clarian/IU Health under a separate cause number from the original MOB lawsuit. App. p. 116. This complaint for the first time named Drs. Kovacs and Ross as defendants. Under a caption heading that Dr. Graves labeled as "Breach of Contract," he alleged that his employment by Clarian/IU Health was governed by certain bylaws, a code of conduct policy, a peer review policy, and a corrective action policy. Id. at 117. Dr. Graves further alleged that, in 1995, his cardiology privileges were "summarily suspended" under the orchestration of Dr. Ross, using false allegations against Dr. Graves. Id. Dr. Graves also alleged that, in 2006 or 2007, Dr. Ross refused to assist Dr. Graves in having his privileges restored.[1] As for Dr. Kovacs, Dr. Graves alleged that he "maliciously and in bad faith" reviewed allegations made against Dr. Graves during peer reviews of Dr. Graves and that he was "instrumental in the elimination" of Dr. Graves's privileges. Id. at 118. Finally, Dr. Graves alleged Clarian/IU Health breached its contract with him by eliminating his privileges without cause and without adequate notice, and also that it breached various policies related to termination of his privileges.

On September 6, 2012, Drs. Kovacs and Ross filed a motion for judgment on the pleadings. The sole argument in the motion was that Dr. Graves had failed to state any

---

[1] It is unclear from the complaint whether this referred to restoration of Dr. Graves's privileges after the 1995 suspension of them, or referred to a different suspension of privileges.

claim against them for breach of contract because they were not party to any contract with Dr. Graves. In response, Dr. Graves asserted that the facts alleged in the second amended complaint sufficiently stated a cause of action against Drs. Kovacs and Ross for tortious interference with a contract, namely between Dr. Graves and Clarian/IU Health. On November 5, 2012, Drs. Kovacs and Ross filed a response to this assertion, arguing that any claim for tortious interference with a contract was barred by the two-year statute of limitations for such a claim. Dr. Graves did not have a chance to respond to this statute of limitations argument because the trial court granted the motion for judgment on the pleadings on the same day that it was filed, November 5, 2012. The trial court's order mentioned only Dr. Graves's alleged failure to state a claim and not the statute of limitations argument. On December 6, 2012, the trial court denied Dr. Graves's motion to correct error. It also denied Dr. Graves's motion to amend his complaint to more clearly state a claim against Drs. Kovacs and Ross for tortious interference with a contract. Dr. Graves now appeals.

**Analysis**

We review de novo the granting of a motion for judgment on the pleadings under Indiana Trial Rule 12(C) and will affirm only if it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein. Waldrip v. Waldrip, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012). We must view the pleadings in a light most favorable to the non-moving party and with every allegation construed in his or her favor and, where judgment is sought by a

4

defendant, determine whether the complaint is sufficient to constitute any valid claim. Id. When reviewing a Rule 12(C) motion, we may look only at the pleadings and any facts of which we may take judicial notice, with all well-pleaded material facts alleged in the complaint taken as admitted. Id. The "pleadings" consist of a complaint and an answer, a reply to any counterclaim, an answer to a cross-claim, a third-party complaint, and an answer to a third-party complaint. Fox Dev., Inc. v. England, 837 N.E.2d 161, 164 n.1 (Ind. Ct. App. 2005). "Pleadings" also consist of any written instruments attached to a complaint, pursuant to Indiana Trial Rule 9.2. LBM Realty, LLC v. Mannia, 981 N.E.2d 569, 576 n.10 (Ind. Ct. App. 2012); see also Ind. Trial Rule 10(C) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). If a trial court intends to treat a motion for judgment on the pleadings as a motion for summary judgment by considering materials outside of the pleadings, as permitted by Trial Rule 12(C), it must give the parties notice that it intends to do so and provide the parties with a reasonable opportunity to present all pertinent material to the court. Waldrip, 976 N.E.2d at 110.

Drs. Kovacs and Ross argue that they were not parties to any contracts with Dr. Graves, based on the attachments to his complaint. They note that the only count of Dr. Graves's complaint that mentioned them was captioned "Breach of Contract" and that they clearly cannot be held liable for breaching a contract where none existed between them and Dr. Graves. Dr. Graves insists that the facts alleged in that count of the complaint are sufficient to state a claim for tortious interference with a contract—i.e., one

5

between Dr. Graves and Clarian/IU Health—even though it was not so captioned. Drs. Kovacs and Ross do not argue that the facts pled by Dr. Graves were insufficient to state a claim for tortious interference with a contract.

The practical effect of Drs. Kovacs and Ross's motion for judgment on the pleadings was the same as a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6). See McCall v. State of Indiana Dep't of Nat. Res. Div. of Forestry, 821 N.E.2d 924, 926 (Ind. Ct. App. 2005) (noting, "Like a Trial Rule 12(B)(6) motion to dismiss, a Trial Rule 12(C) motion attacks the legal sufficiency of the pleadings."), trans. denied. Under that rule, as well as Indiana Trial Rule 8 governing notice pleading, a pleading does not have to adopt a specific legal theory of recovery to be adhered to throughout the case. Shields v. Taylor, 976 N.E.2d 1237, 1244 (Ind. Ct. App. 2012). A complaint also does not have to explicitly state all the elements of a cause of action. Id. at 1245. Under notice pleading, the sufficiency of a complaint depends upon whether the opposing party has been adequately notified concerning the operative facts of a claim so as to be able to prepare to meet it. Id. "A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues." Id. Additionally, notice pleading was adopted in Indiana to discourage battles over the mere form of statements. Id. at 1244. Indiana Trial Rule 8(F) explicitly provides that "all pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Indiana courts prefer to "treat pleadings according to their content rather than their caption." Campbell v. Eckman/Freeman & Associates, 670

6

N.E.2d 925, 929 (Ind. Ct. App. 1996), trans. denied. A complaint is sufficient and should not be dismissed so long as it states any set of allegations, no matter how unartfully pleaded, upon which the plaintiff could be granted relief. Buchanan ex rel. Buchanan v. Vowell, 926 N.E.2d 515, 519 (Ind. Ct. App. 2010).

The elements of a cause of action for tortious interference with a contract are: "(1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of the breach of contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach." Bragg v. City of Muncie, 930 N.E.2d 1144, 1147 (Ind. Ct. App. 2010). Here, we believe the second amended complaint sufficiently put Drs. Kovacs and Ross on notice that they were alleged to have acted wrongfully and intentionally in helping to bring about the termination of Dr. Graves's contractual privileges at Clarian/IU Health. Thus, the facts alleged in the complaint adequately stated a claim for tortious interference with a contract—something that Drs. Kovacs and Ross do not refute.

As for the fact that the caption for this count of the complaint only referred to "Breach of Contract," and not tortious interference with a contract, we do not believe that should have been fatal to Dr. Graves's complaint. The Seventh Circuit addressed a similar issue in Daniels v. USS Agri-Chemicals, a Div. of U.S. Diversified Group, 965 F.2d 376 (7th Cir. 1992). In that case, the court addressed a diversity lawsuit for wrongful death that was filed in Illinois, in which the complaint specifically cited Illinois law as the

7

basis for the lawsuit. However, it was later determined that the cause of action was governed by Indiana law, which had different procedural prerequisites for a wrongful death action than Illinois law. Nonetheless, the Seventh Circuit concluded that the factual allegations in the complaint adequately stated a claim under Indiana law and was not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) simply because it incorrectly cited Illinois law as the basis for the suit. Daniels, 965 F.2d at 382. The court specifically held that under either Indiana or federal jurisprudence, the erroneous invocation of Illinois law did not "affect the gravamen of [the] complaint." Id. The court went so far as to hold that "'specifying an incorrect theory is not fatal'" to a complaint. Id. at 381 (quoting Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992)); see also Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir. 1992) (holding "a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim . . . .").

Here, Dr. Graves's failure to mention tortious interference with a contract as a theory of recovery against Drs. Kovacs and Ross does not change the fact that the allegations of the complaint are sufficient to state a cause of action for that tort. Shortly after the Indiana Supreme Court adopted the Indiana Trial Rules and the concept of notice pleading, it stated:

> It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. Other means less drastic than dismissal of the action can be used to clarify the theory and basis for the cause of action. Among

8

> these are a Motion for a more definite statement under TR. 12(E), our very broad discovery rules, and the pre-trial conference under TR. 16(A)(1).

State v. Rankin, 260 Ind. 228, 231, 294 N.E.2d 604, 606 (1973). Applying those principles here, and acknowledging the second amended complaint was possibly unartfully drafted, judgment on the pleadings in favor of Drs. Kovacs and Ross was not warranted.

On appeal, Drs. Kovacs and Ross reiterate their claim that even if the complaint adequately states a claim for tortious interference with a contract, that claim is barred by the statute of limitations. Drs. Kovacs and Ross contend that the claim is governed by a two-year statute of limitations, which Dr. Graves does not dispute. See C&E Corp. v. Ramco Indus., Inc., 717 N.E.2d 642, 644 (Ind. Ct. App. 1999). Drs. Kovacs and Ross argue that Dr. Graves had to file his claim against them no later than August 1, 2011, or two years after Clarian/IU Health terminated his privileges. Thus, they assert that because the second amended complaint, which was the first to name Drs. Kovacs and Ross as defendants, was not filed until March 7, 2012, it was untimely for purposes of a tortious interference with a contract claim.

We believe it is premature to address the statute of limitations question. Before the trial court, Drs. Kovacs and Ross did not raise the issue of the statute of limitations until November 5, 2012, when they filed their reply to Dr. Graves's response to the motion for judgment on the pleadings. The trial court granted the motion for judgment on the pleadings that same day, thus giving Dr. Graves no opportunity to make any

9

response to the statute of limitations argument. The trial court's order granting the motion made no mention of the statute of limitations argument, and so Dr. Graves's motion to correct error and to file a third amended complaint also made no reference to that argument.

As a general rule, a plaintiff does not have to anticipate a statute of limitations defense in his or her complaint and should be given adequate opportunity to provide facts and argument in response to the raising of a statute of limitations defense. See, e.g., Nichols v. Amax Coal Co., 490 N.E.2d 754, 755 (Ind. 1986). We also note that Dr. Graves filed his original third-party complaint against Clarian/IU Health on November 30, 2010, or within the limitations period argued by Drs. Kovacs and Ross. When a defendant has been added to a complaint, whether the amended complaint relates back to date of the filing of the original complaint under Indiana Trial Rule 15(C) for statute of limitations purposes generally should not be resolved by a motion to dismiss under Trial Rule 12 as opposed to a motion for summary judgment under Trial Rule 56. See Lamberson v. Crouse, 436 N.E.2d 104, 106 (Ind. Ct. App. 1982). In sum, we conclude that Dr. Graves was not given adequate opportunity before the trial court to address the statute of limitations issue, and we offer no opinion on the merits of that issue at this time.

**Conclusion**

We reverse the granting of judgment on the pleadings in favor of Drs. Kovacs and Ross and remand for further proceedings consistent with this opinion.

10

Reversed and remanded.

NAJAM, J., and BAILEY, J., concur.