**MEDCO HEALTH SOLUTIONS, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–1105–TA–35.

Tax Court of Indiana.

May 7, 2014.

Francina A. Dlouhy, Faegre Baker Daniels LLP, Indianapolis, IN, R. Gregory Roberts, Morrison & Foerster LLP, New York, NY, for Attorneys for Petitioner.

Gregory F. Zoeller, Indiana Attorney General, John P. Lowrey, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S PARTIAL MOTION TO DISMISS

WENTWORTH, J.

Medco Health Solutions, Inc. has appealed the Indiana Department of State Revenue's final determination that assessed it

with an additional Indiana adjusted gross income tax liability for the tax years ending August 19, 2003, December 27, 2003, December 25, 2004, and December 31, 2005 (the period at issue). The matter is currently before the Court on the Department's Partial Motion to Dismiss Or For Summary Judgment (Motion).[1] The Court grants the Department's Motion.

## FACTS AND PROCEDURAL HISTORY

Medco is a Delaware corporation with its headquarters and principal place of business in Franklin Lakes, New Jersey. Medco provides pharmacy benefit management services through national networks of retail pharmacies and its own mail-order pharmacies.

In 2007, the Department audited Medco. During the course of the audit, the Department determined that Medco had not sourced its income properly on its tax returns. Accordingly, the Department recalculated Medco's Indiana sales factor, which resulted in Medco owing additional Indiana adjusted gross income tax for the period at issue. On June 8, 2009, the Department issued Proposed Assessments to Medco relating to that liability.

Medco timely protested the Proposed Assessments. The Department held a hearing on Medco's protest on March 30, 2010. On March 7, 2011, the Department issued a Letter of Findings denying Medco's protest.

On May 5, 2011, Medco initiated an original tax appeal. On June 17, 2011, the Department filed its Motion. The Court conducted a hearing on the Department's Motion on September 30, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ A motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a petition, not the facts supporting it. *See Wireless Advocates, LLC v. Indiana Dep't of State Revenue*, 973 N.E.2d 111, 112 (Ind. Tax Ct.2012). When considering a 12(B)(6) motion to dismiss, this Court will look only to the petition and may not resort to any other evidence in the record.[2] *See Town of Plainfield v. Town of Avon*, 757 N.E.2d 705, 710 (Ind.Ct.App.2001), *trans. denied.* Moreover, the Court will evaluate the petition in a light most favorable to the non-moving party, with every reasonable inference drawn in its favor. *Wireless Advocates*, 973 N.E.2d at 112. Thus, granting a motion to dismiss under Trial Rule 12(B)(6) is proper if it is apparent that the facts alleged in the petition are incapable of supporting relief under any set of circumstances. *See Town of Plainfield*, 757 N.E.2d at 710.

## ANALYSIS

The Department's Motion states that two of the claims in Medco's Petition must be dismissed pursuant to Trial Rule 12(B)(6) because they are claims upon which legal relief cannot be granted. First, the Department asserts that Medco

1. The Department has attached to its Motion evidentiary material that is outside the pleadings. Consequently, the Department's Motion alternatively seeks summary judgment. *See* Ind. Trial Rule 12(B) (stating that when matters outside the pleadings are presented to and not excluded by the Court, a 12(B)(6) motion to dismiss shall be converted to a motion for summary judgment under Indiana Trial Rule 56). Because the Court did not consider the attached evidentiary material, it did not convert the Department's Motion into one for summary judgment.

2. Written instruments that are attached to a petition are considered part of the petition. *See Graves v. Kovacs*, 990 N.E.2d 972, 976 (Ind.Ct.App.2013).

cannot prevail on its claim that the Department was required to source Medco's receipts based on two separate advisory letters because those letters did not bind the Department. (*See* Resp't Partial Mot. Dismiss Summ. J. ("Resp't Mot.") ¶¶ 3, 5(a).) Second, the Department argues that Medco cannot prevail on its claim that it is entitled to a refund because Medco never filed a claim for refund with the Department. (*See* Resp't Mot. ¶¶ 4, 5(b).)

### *Advisory Letters*

■ Medco's Petition states that through its representative at Pricewaterhouse Coopers LLP (PWC), it requested the Department's written advice about how it should source its receipts to Indiana. (*See* Pet'r Pet. ¶ 31, Exs. C, D.) Medco attached to its Petition the two advisory letters PWC received and on which it relied to prepare its December 25, 2004, and December 31, 2005 Indiana tax returns. (*See* Pet'r Pet. ¶¶ 32–35, Exs. C, D.) The two letters indicate that in requesting the Department's advice, PWC did not identify Medco as the taxpayer, but rather referred to it using an assumed name. (*See* Pet'r Pet., Exs. C, D.)

■ As the administrative agency that administers, collects, and enforces Indiana's listed taxes, the Department often provides advice to taxpayers in varying forms. *See* IND.CODE § 6–8.1–3–3(a) (2003); 45 IND. ADMIN. CODE 15–3–2(d)(1) (2003). The form in which the advice is provided, as well as the circumstances in which the advice is binding on the Department, are outlined in Indiana's Administrative Code, 45 I.A.C. 15–3–2. For example, the Department may issue binding letters of finding or letters of advice interpreting listed taxes, or it may issue non-binding letters of advice. *See* 45 I.A.C. 15–3–2(d)(1), (3), (e); *Mirant Sugar Creek, LLC v. Indiana Dep't of State Revenue,* 930 N.E.2d 697, 700 (Ind. Tax Ct.2010). Ulti-

mately, the binding effect of the Department's advice is contingent on the disclosure of the taxpayer's identity. *See, e.g.,* 45 I.A.C. 15–3–2(d)(1), (3) (stating that the Department will not issue a binding ruling to an anonymous taxpayer and that only the taxpayer to whom a ruling is issued may rely on it).

Here, the two advisory letters were issued to a representative of an unidentified taxpayer, indicating that the Department is not bound by them. Nevertheless, Medco cites to 45 I.A.C. 15–3–2(e) for the proposition that the Department is also bound by advice it provides regarding a particular transaction:

> Based upon general inquiries and correspondence, the department often issues written letters of advice. Such letters are advisory in nature only and merely technical assistance tools for the taxpayer. Strictly informational type letters are not to be considered rulings by the department and will not be binding. *However, some written inquiries have asked for the tax consequences of a particular transaction, based upon the facts presented. In such instances, the department may consider such letters as rulings that may bind the department to the position stated in respect to that taxpayer only. All such rulings issued will be binding provided that all of the facts described in obtaining the ruling are true and accurate.* Any misstatement of material fact or information will void the ruling.

45 I.A.C. 15–3–2(e) (emphasis added). (*See also* Pet'r Mem. Opp'n Resp't Mot. Dismiss Partial Summ. J. ("Pet'r Mem.") at 10, 13 (stating that Medco's representative asked for the tax consequences of a particular transaction and all of the facts presented in requesting the advice were true and accurate).) Medco's argument,

however, misses the import of 45 I.A.C. 15–3–2(e) as a whole.

45 I.A.C. 15–3–2(e) allows a typically non-binding letter of advice regarding a particular transaction that is based on true and accurate facts to be binding on the Department, but only to *the taxpayer who requested the letter.* Consequently, this provision requires a taxpayer to come forward with specificity in both its factual presentation *and* its identity for the Department to be bound. 45 I.A.C. 15–3–2(e). Here, however, a PWC representative requested the advisory letters on behalf of an unnamed client, not Medco. Accordingly, the Department is correct that Medco is not entitled to relief on this claim.

### Refund Claim

■ Medco's Petition also states that during the audit Medco "requested a refund from the Department's auditor[,]" but that the auditor denied its request. (*See* Pet'r Pet. ¶¶ 6–7.) Medco's Petition therefore asks the Court to order the Department to pay the refund because the Department's March 7, 2011 Letter of Findings constituted a denial of the refund requested by Medco. (*See* Pet'r Pet. at 3 ¶ 17, 14 ¶¶ 4–5.) The Department seeks to dismiss this claim on the basis that Medco never filed for a refund.

■ The Department has no legal method of generating a claim for refund on its own; rather, a claim for refund can only be initiated by a taxpayer pursuant to the procedure set forth in Indiana Code § 6–8.1–9–1. 45 IND. ADMIN. CODE 15–9–2(b) (2003). Indiana Code § 6–8.1–9–1 provides that "[i]f a person has paid more tax than the person determines is legally due for a particular taxable period, the person may *file* a claim for a refund with the department." IND.CODE § 6–8.1–9–1(a) (2003) (amended 2012) (emphasis added). "[I]n order to obtain the refund, the per-son must *file* the claim with the department within three (3) years after the latter of . . . [t]he due date of the return [or t]he date of payment." *Id.* (emphasis added). Furthermore, the claim must include certain information such as the amount of the refund to which the person is entitled, the reasons why the person is entitled to the refund, the tax period for which the overpayment is claimed, and the year and date of the overpayment. *Id.;* 45 I.A.C. 15–9–2(d). Finally, a claim for refund generally must be filed on the form prescribed by the Department. *See* 45 I.A.C. 15–9–2(d); *UACC Midwest, Inc. v. Indiana Dep't of State Revenue,* 629 N.E.2d 1295, 1298 (Ind. Tax Ct.1994) (explaining that although the taxpayer did not use the Department's prescribed form, its amended returns complete with explanatory statements qualified as claims for refund because they provided the Department with the information required by both Indiana Code § 6–8.1–9–1 and 45 I.A.C. 15–9–2).

Medco's Petition states that it "requested" a refund from the auditor during the audit. (Pet'r Pet. ¶ 6.) The Department's final determination, attached to and made a part of Medco's Petition, explains that Medco did not file any refund claims or amended returns. (Pet'r Pet., Ex. A at 4.) Accordingly, the facts set forth in Medco's Petition fail to indicate that Medco filed a claim for refund with the Department as required by Indiana Code § 6–8.1–9–1. Moreover, the Department's final determination cannot constitute a denial of a claim for refund because it only addresses Medco's protest of the Proposed Assessments, not whether the auditor ever considered that Medco overpaid any tax. (*See* Pet'r Pet., Ex. A at 3–4.) Thus, Medco is not entitled to legal relief on this claim.

### CONCLUSION

For the foregoing reasons, the Department's Trial Rule 12(B)(6) motion to dis-

miss is hereby GRANTED. The Court will schedule a case management conference under separate order.

SO ORDERED.